BOYNTON & MOSELEY *v.* GEORGE BRALEY.

*Waiver. Estoppel.*

1. To constitute a waiver there must be an *intentional* relinquishment of a *known* right; hence, a lien-holder, ignorant of the facts, that his lien on certain cows extended to their offspring, and, also, of the particular description of the off-spring, did not waive his claim by telling an attaching creditor that "they had got nothing that belonged to him"; nor, by saying to the appraisers, "that no part of the property so appraised belonged to him"; nor, by refusing, on the request of the creditor, to attend the sale, replying, "that they had attached nothing of his."*

2. The refusal of the lien-holder to attend the sale; his silence; his answers to the creditor and appraisers; and his failure to act, under the circumstances, do not estop him from enforcing his lien; because, what he said was never communicated to the purchasers; it does not appear that he was grossly negligent; the creditor himself knew the real condition of the title; and no one was misled or induced to a different action by what he said or did, or failed to say or do.

3. There is no estoppel where the silence is the result of ignorance of the facts, unless the party is guilty of gross negligence in not knowing the facts.

4. The rule of estoppel relating to negotiable instruments does not apply.

HEARD by the court, March Term, 1881, Washington County, REDFIELD, J., presiding.

Action replevin, brought on the statute, to determine the title to five yearlings and two cows taken by the defendant and replevied by the plaintiffs. The cattle were sold at a public sale by a regular officer, on a writ of attachment in favor of one *Daniel Bacon* v. *Bates and Banister*. The defendant claimed to hold the

* Where one has admitted indebtedness, and thereby induced a garnishment proceeding against him, he is not conclusively estopped from afterwards denying such indebtedness, see Alb. L. J., June 10, 1882, p. 457, citing *Warder* v. *Baker*, 54 Wis.; 6 Cush. 4; 9 Cush. 490; 2 Vroom, 52; 12 Pick. 557; 4 Vroom, 81; 40 Mo. 169; 85 Ill. 96; 15 Pick. 40; 27 Wis. 261; 51 Wis. 450; 82 N. Y. 315.—REP.

stock by virtue of a certain conditional sale given by Bates and Banister to himself, and as executor of the estate of Alvin Braley, deceased. The defendant claimed the stock as issue of the stock named in the lien. The plaintiff purchased the stock of different parties who bid it off at the aforesaid public sale, and paid full value, and without notice of any claim to the property on the part of the defendant. None of the parties who bid the property off at the public sale had any notice of the defendant's claim to the property so bid off by them. The defendant knew of the attachment by Bacon ; and knew of the sale at the time and place of sale. The defendant was shown by said Bacon the list of property attached before the sale, and stated to said Bacon, in answer to his inquiry if any part of the property so attached was his, that they had got nothing that belonged to him (the defendant). After the appraisal and before the sale the defendant was shown, by the appraisers appointed by the officer, each article of property so appraised by them ; and stated to them that no part of the property so appraised belonged to him, the defendant. The property now claimed by him was a part of the list of attached property shown him by Bacon ; and on the list shown him by the appraisers aforesaid. On the day of the sale by the officer he was requested by the then plaintiff, Bacon, to attend the sale, but he refused, saying that they had attached nothing of his.

It turned out in proof that the defendant Braley did not know at the time of said sale that the issue of the stock named in the lien were followed by the lien, and hence did not know that any of the property so attached was his by virtue of the lien.

The court found that the list of articles of property appraised, and attached and sold, was not descriptive of each, but merely of the number of each kind ; and defendant understood there was enough of each kind on the premises to comprise the list of each appraised or sold. Defendant was ignorant of the particular description of the cattle that sprung from those he owned, or whether his right extended to them. But the debtor, who was in the interest of the attaching creditors and was consulted by them, knew all about it ; and the attaching creditors, as the court believed, knew that these two yearlings were the issue of defendant's cows.

The court adjudged that defendant was not estopped from claiming according to his title.

The plaintiff claimed that the defendant was estopped, as against *bona fide* purchasers, by his denials of ownership to Bacon and to the appraisers, and by his silence and in action, and had waived his rights if he had any ; and that he could not take advantage of his mistake of the law of lien as against innocent third parties, purchasers, at the public sale, or their assignees.

The court found that two of the yearlings were of the issue of the two cows named in the lien ; and rendered judgment for the return of the two yearlings, and for the plaintiffs as to the other cattle.

The plaintiffs except to said decision ; writ of return stayed, and cause passed to Supreme Court.

*Jas. N. Johnson* and *Frank Plumley*, for plaintiffs.

The defendant waived his lien.   26 Vt. 366 ; 17 Ib. 455 ; 28 Ib. 527 ; 34 Ib. 598 ; 35 Ib. 204 ; 43 Ib. 306 ; 47 Ib. 368 ; 25 Ib. 298 ; 9 Cowen, 274 ; 2 Fla. 171 ; 3 Paige, 254 ; 30 Wis. 55 ; 18 Wall. 255 ; 25 Conn. 98 ; 26 Ala. 547 ; 10 Ad. & E. 90 ; 51 N. H. 287.

*Heath & Carlton*, for the defendant.

The debtors knew all about this defendant's title in the yearlings.   The creditor, Bacon, consulted them, and knew the yearlings to be the issue of defendant's cows.   Now Bacon, knowing these facts, cannot be allowed to claim that this defendant is estopped by his representation to him.   The burden is on the plaintiffs to show an estoppel.   Bigelow on Estoppel, 484 ; *Martin* v. *Yellowback*, 38 Cal. 300 ; *Gottings* v. *Rodman*, 6 Ind. 289 ; *Railroad* v. *Horfold*, 19 Ind. 347 ; *Holmes & Wife* v. *Crowell & Wife*, 73 N. C. 613 ; *Colbert* v. *Daniel*, 32 Ala. 314 ; *Thrall* v. *Lathrop*, 30 Vt. 307.   It does not appear that the representations of defendant were acted upon.   *Wooley* v. *Edson*, 35 Vt. 214.

The opinion of the court was delivered by

VEAZEY, J.   I.   This case was tried by the court without a jury.   Plaintiffs' counsel say that the defendant waived his lien

by what he said to Bacon and the appraisers. This claim is answered by the finding of the court that the defendant did not *know* he had a lien. In order to constitute a waiver, there must be an intentional relinquishment of a known right. See Bigelow on Estoppel and cases there cited upon this subject.

II. Is the defendant estopped from asserting his right? One of the essential elements to an estoppel by conduct is that the party to whom the representation was made must have been ignorant of the truth of the matter. Therefore there was no estoppel as between Bacon and the defendant, as Bacon knew the truth. Moreover there was no *privity* between Bacon and the purchasers at the execution sale in whose right these plaintiffs stand. The defendant was not present at the execution sale, and never disclaimed his right to the purchasers; and what he said to Bacon and the appraisers never came to the purchasers' knowledge. Therefore there is no ground of estoppel by reason of any *representation* of the defendant. The only ground left is that he did not attend the sale and there assert his right. Silence is good ground of estoppel when the other essential elements exist; that is, it may be a method of concealment of a material fact when there is a duty to speak; and may be as misleading as a representation. *Cady* v. *Owen*, 34 Vt. 598. But there is no estoppel where the silence is the result of ignorance of the facts, unless the party is guilty of gross negligence in not knowing the facts, of which there is here no valid ground of claim. In this case the defendant was ignorant of his right. He had no intention of misleading by his failure to assert his right. It does not appear that the purchasers at the sale changed their conduct by reason of the defendant not attending the sale and giving notice of his lien. It is not even clear that he knew that any of the animals attached were the descendants of the stock upon which his lien originally existed. He had not seen the animals. He had only seen a list of them. Upon seeing the list after the attachment, he disclaimed any ownership, in the honest belief he had none; but this was never communicated to the purchasers.

In reviewing alleged errors of the County Court we cannot

*assume* that the purchasers were induced to purchase by reason of the defendant not attending the sale and claiming his lien. In order to entitle the excepting party to a reversal, error must appear on the record.

The rule of estoppel relating to negotiable instruments, which is one class of the cases to which we are referred, stands on peculiar ground, on account of the law relating to these instruments being a part of the Law Merchant. Bigelow on Estoppel, 551.

We think no error appears in the judgment rendered, and the same is affirmed.