MARY J. POND *v.* ADELIA C. POND'S ESTATE.

January Term, 1906.

Present: ROWELL, C. J., TYLER, MUNSON, HASELTON, POWERS, and MILES, JJ.

Opinion filed November 26, 1906.

*Estoppels—Privity—Executors and Legatees—When Privies —Evidence—Admissions by Silence.*

Estoppels operate only in favor of parties or their privies.

"Privity" denotes mutual or successive relationships to the same property rights; and privies in representation include executor and testator, and administrator and intestate.

Where the estate consists wholly of personal property, the relation of the executor and a legatee is that of trustee and beneficiary; and in litigation which affects the amount or value of such estate, the executor represents the legatee, the privity between them is complete, and an estoppel operating in behalf of the legatee is available to the executor.

An estoppel is something more than an admission. An admission is mere evidence, while an estoppel gives rise to substantive rights.

He who relies upon an estoppel *in pais* must not only show an express
or implied admission, but also reliance and action thereon to his
injury in ignorance of the truth.

Although a testator devised to his wife his home farm during her life-
time, and provided that his daughter should have a home thereon
as long as she desired, and be supported out of the income
thereof, provided she continued to live there and rendered reason-
able assistance about the household affairs, since the daughter
was under no obligation to remain on the farm, and having de-
cided to leave it, an agreement between the wife and the daughter
that the latter should remain on the farm and continue her ser-
vices and receive from the former a fixed sum of money per week
and her support, was a valid contract founded upon a sufficient
consideration.

Certain evidence offered by the defendant as tending to show that the
claimant made a damaging admission by her silence in the course
of certain negotiations conducted in her presence *held* properly
excluded, as the offer did not show that the negotiations had
progressed so far that the claimant was called upon to speak.

APPEAL from the decision of commissioners allowing the
claim of Mary J. Pond presented against the estate of Adelia
Pond; L. Alison Webster, executor. The record does not
show the pleadings. Trial by jury at the June Term, 1905,
Addison County, *Watson,* J., presiding. Verdict and judg-
ment for the claimant. The defendant appealed. The defend-
ant called one Bion Wilson as a witness, and offered to show
by him, "That at about the time when his service on the farm
ended, said Adelia C. Pond in the presence of the plaintiff,
Mary J. Pond, offered and proposed to the witness to make
a contract with him whereby he should work for her during
the remainder of her lifetime, and have his home with her,
and that upon her decease he should have her entire property
and estate, which she, the said Adelia C. then represented to
be two thousand dollars; that the plaintiff participated in the

23

conversation and heard what was said by the parties, but said nothing about having any claim against Mrs. Pond or the estate; that this conversation occurred at a time when more than four of the six years for which the plaintiff now claims pay for services had elapsed."

*Davis & Russell* for the defendant.

Estoppel arises when one by his acts, representations, or admissions or by his silence when he ought to speak, intentionally or through culpable negligence induces another to believe certain facts to exist and such other rightfully relies and acts on such belief, so that he will be prejudiced if the former is permitted to deny the existence of such facts. It consists in holding for truth a representation acted upon, when the person who made it, or his privies, seek to deny its truth and do deprive the party who acted upon it of the benefit obtained. 16 Cyc. 723; *Shaw* v. *Beebe,* 35 Vt. 205; *Strong* v. *Ellsworth,* 26 Vt. 366.

In order that a person may be estopped by his declarations or conduct he must have knowledge of the purpose of inquiry, in response to which his statement was made and of the interest of the person claiming the estoppel. *Wheeler* v. *Campbell,* 68 Vt. 98; *Durant* v. *Pratt,* 55 Vt. 270; *Balis* v. *LeClair,* 49 Vt. 229; *Hackett* v. *Callender,* 32 Vt. 97; *Wakefield* v. *Crossman,* 25 Vt. 298; *Wooley* v. *Chamberlain,* 24 Vt. 270.

It is essential that the person invoking equitable estoppel has been influenced by and relied on representations or conduct of person sought to be estopped. *Drovin* v. *Boston & Maine R. Co.,* 74 Vt. 343; *Holinan* v. *Boyce,* 65 Vt. 318; *Wells* v. *Austin,* 59 Vt. 157; *Earl* v. *Stevens,* 57 Vt. 474; *Allen* v.

*Hodge,* 51 Vt. 392; *Clark* v. *Hayward,* 51 Vt. 14; *Batchelder* v. *Blake,* 70 Vt. 197.

Where a person by his request or advice has induced another to sell or purchase property, he will be estopped to assert any claim thereto inconsistent with such request or advice. *Swift* v. *Stovall,* 105 Ala. 571; *Youngblood* v. *Cunningham,* 38 Ark. 571; *Winchell* v. *Edwards,* 57 Ill. 41; *Miles* v. *Lefi,* 60 Iowa 168; *Sale* v. *Crutchfield,* 8 Bush (Ky.) 636; *Maple* v. *Kussart,* 53 Pa. St. 348; *Barclay* v. *Hendrick,* 3 Dana (Ky.) 378; *Reed* v. *Hensley,* 2 B. Mon. (Ky.) 254; *Stevens* v. *McNamara,* 36 Me. 176; *Wells* v. *Pierce,* 27 N. H. 503.

*F. L. Fish* and *J. B. Donoway* for the plaintiff.

There was no estoppel of the claimant by what took place in her presence between the testatrix and Hubbard. He did not inform her that her answers would be relied upon. From the facts disclosed, no estoppel can be found, and the case comes fairly within the reasoning of the following cases: *White* v. *Langdon,* 30 Vt. 599; *Hackett* v. *Callender,* 32 Vt. 97; *Shaw* v. *Beebe,* 35 Vt. 204; *Durant* v. *Pratt,* 55 Vt. 270.

POWERS, J.     This is an appeal from the allowance by the commissioners on the estate of Adelia C. Pond of Mary J. Pond's claim for services covering the last six years of the testatrix' lifetime. The claimant is the daughter of Everett B. Pond and step-daughter of the testatrix. By the terms of Everett B. Pond's will, the use of the home farm was given to the testatrix during her lifetime and then to the claimant during her lifetime. It was further provided in the will that the claimant was to have a home on the farm as long as she desired, and be supported out of the income thereof, provided she continued to live there and rendered reasonable assistance about the household affairs. The claimant continued to reside

with the testatrix on the farm and receive her support there-from for some years after her father's death, but finally con-cluded to go away and take care of herself. Whereupon it was agreed between the testatrix and the claimant that the latter should remain at the farm and receive from the former for her services, in addition to her support, a fixed sum per week. Afterwards, and about a year and a half before the death of the testatrix, she made a contract with one Hubbard whereby he was to come to and make his home on the farm, carry it on, and in case he survived the testatrix, he was to receive the whole of her estate,—then and now consisting entirely of personal property. This proposed arrangement was fully discussed in the presence of the claimant, who knew all about its terms before it was consummated. While the negotiations for this contract were going on, the testatrix, in the presence and hearing of the claimant, told Hubbard that her estate was estimated at two thousand dollars, enumerated the items of which it consisted, and asserted that it was free from debts. To this last statement, the claimant made no dissent, nor did she ever disclose to Hubbard the existence of her claim for services until after the death of the testatrix; on the contrary she allowed the testatrix' statement to go unchallenged and urged Hubbard to enter into the arrange-ment. Relying upon these representations of the testatrix and believing them to be true, Hubbard did enter into this arrangement with the testatrix, and on his part fully carried out and performed the same according to its terms; and shortly before her death, the testatrix made her will giving Hubbard the use of all her property with remainder to his children, which was satisfactory to him. The executor defends under the general issue and a notice setting forth the facts herein recited, and relies mainly upon his claim that, in the circum-

stances, the claimant is estopped by her conduct from asserting her claim against the estate.

Under the terms of her father's will, the claimant had a right to remain at home and be there supported out of the avails of the farm,—rendering such service as the will specified. But she was under no obligation to remain there; the option was hers, and she could stay or go as she pleased. So when the time came that she decided to go, the way was open to her to make such arrangement with her step-mother to forego that decision and remain on the place as they might agree upon. And such arrangement, when made, was founded upon a valid consideration and binding, for she had thereby agreed to do, and did in fact do, something which she was not before-legally bound to do. So she has a valid claim which she may assert, unless she is estopped from setting it up against the estate by her conduct during the negotiations between the testatrix and Hubbard. It is claimed that it was her duty, when, in her presence, the testatrix informed Hubbard that there were no debts, to speak out and assert her claim, and not having done so, she will not now be allowed to, to the prejudice of Hubbard, who, being ignorant of the facts and relying upon their being as stated, has acted to his prejudice. That the conduct of the claimant on the occasion referred to amounted to an admission, and was evidence against the claimant tending to show that the testatrix was not then owing her, was fully recognized by the trial court and the estate was given the proper benefit thereof. But an estoppel is something more. An admission is a mere piece of evidence. An estoppel is the basis of substantive rights. In the class to which the one under consideration belongs, the estoppel includes the admission; but the converse of this proposition is not true. In addition to the admission, whether it

be by silence or by positive assertion, there must be a reliance and action thereon to his injury, in ignorance of the truth, by the party who seeks to assert the estoppel, before it becomes the basis of a right of action or defence. 2 Wig. Ev. §1056. Ignorance of the truth of the matter on the part of him to whom the representation is made, being an essential element of an estoppel in his favor, (*Boynton* v. *Braley,* 54 Vt. 92), it is apparent that the claimant's conduct did not amount to an estoppel so far as the testatrix was concerned, for she knew all the facts, and so could not be misled to her injury by the claimant's omission to deny her statement that there were no debts. But Hubbard was ignorant of the matter; and it was material to the proposition which he was then considering, as it necessarily affected the amount which he was to receive under the proposed arrangement. His situation and relation to the matter made it the duty of the claimant to speak, and since he has acted in reliance upon the fact being as then stated, it would be a substantial injury, if not a fraud upon him to allow the truth to be now asserted. In these circumstances, as against Hubbard, the plaintiff is estopped. *Earl* v. *Stevens,* 57 Vt. 474; *Wells* v. *Austin,* 59 Vt. 157.

Estoppels, however, operate only in favor of parties and their privies. *White* v. *Hazen,* 24 Vt. 143. Hubbard is not a party here, and the estoppel cannot be set up for his ultimate benefit unless he is in privity with the executor. *Simpson* v. *Pearson,* (Ind.) 99 Am. Dec. 577; *Cutler* v. *Brockway,* 32 Pa. St. 45. The term "privy," to adopt Prof. Greenleaf's definition, (1 Greenl. Ev. §189) denotes mutual or successive relationships to the same rights of property. In the classification usually stated is found privies in representation, which include executor and testator, administrator and intestate. So between this executor and the testatrix the privity is complete.

But this will not avail him, for as we have seen, from her he can acquire no right of estoppel, as she had none.

It remains to consider whether there is privity between the executor and Hubbard, the legatee. And on this question depends the whole controversy. If the executor can set up the estoppel, it is because he represents Hubbard as well as the testatrix in this litigation. An administrator or executor under our law takes the legal title to the personal property; but not in his own right. He is not the owner of it, except in a qualified sense. His interest in it is in *autre droit,* merely. 1 Woern. Admr. §174; *Weeks* v. *Gibbs,* 9 Mass. 73. His title is fiduciary, rather than beneficial. *Carter* v. *Bank,* 71 Me. 448. It is the legal title which he takes, but he takes it as trustee and for a particular purpose. *Lewis* v. *Lions,* 13 Ill. 117; *Stickney* v. *Parmenter,* 74 Vt. 58. In a sense, then, when as here the estate consists entirely of personal property, the relation of trustee and *cestui que trust* exists between the executor and the legatee. It follows that in litigation which affects the amount or value of such an estate, the administrator or executor represents the legatee, and the privity between them is complete. 2 Van Fleet For. Adj. §465. The privity between them is the privity of trustee and *cestui que trust,*— the privity which, it is said, was classified in the old books as privity of person. R. & L. Law Dic. "Privity." The real estate, however, descends directly to the heir, and the interest of the administrator is in the nature of a naked conditional power, and the privity between them as to such property is slight or none at all. Van Fleet For. Adj. §466. If this controversy were over the title to a specific article of personal property, which the testatrix had claimed to Hubbard that she owned, and which she had in the claimant's presence promised to give him by will for his services under the con-

tract, the estoppel, if proved, would be available to the executor who would represent Hubbard in the suit. It is true that this controversy is not over the title to any of the assets of the estate and does not directly concern such assets; but indirectly and necessarily the assets are affected, for the recovery must come out of them, and no logical reason can be given why the same rule should not govern the rights of the parties. We hold, therefore, that the estoppel is available to the executor in this suit, and the evidence establishing it being undisputed, the defendant estate was entitled to a verdict under its motion.

The exception to the exclusion of the testimony of the witness Wilson is not sustained, as it does not appear that the negotiations with him had progressed so far that the claimant was called upon to speak. Hence her silence did not amount to an admission.

Nor was there error in excluding the question asked of Mrs. A. A. Pond, since it does not appear what her answer would have been if allowed.

*Reversed and remanded.*