THOMAS REEVES, TRUSTEE IN BANKRUPTCY *v.* KATE REDMOND.

February Term, 1921.

Present: WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed May 3, 1921.

*No Error in Excluding Question in Absence of Offer—Immaterial Whether Wife Knew That in Mortgage of Her Property Husband Swore He Owned the Property—On General Exception No Error in Excluding Question Partly Inadmissible—Evidence That Wife Consented to Husband Mortgaging Her Property Admissible—Objection Made After Responsive Answer Given Too Late.*

1. In the absence of an offer of proof, no question is saved by an exception to the exclusion of a question.

2. In an action of replevin by a trustee in bankruptcy for cattle which he claimed the bankrupt had delivered to his wife without consideration and in attempted fraud of his creditors, and which defendant claimed to own by gift from her father, a question to the defendant as to whether she knew that, in a previous mortgage of the cattle by her husband, he swore he owned the cattle, and that they were free and clear of all incumbrance, was properly excluded, as being immaterial.

3. If a part of an excluded question was inadmissible, there was no error in excluding the whole question, where the exception to its exclusion was general.

4.  The husband having testified that he mortgaged the cattle to raise money to settle suits brought against him, the defendant was properly permitted to testify that she gave her husband permission to give that mortgage on her property to help him out.

5.  An objection made after an answer responsive to a question has been given is too late to avail.

ACTION OF REPLEVIN.  Trial by jury at the March Term, 1920, Chittenden County, *Fish,* J., presiding.  Verdict and judgment for the defendant.  The plaintiff excepted.  The opinion states the case.

*Martin S. Vilas* for the plaintiff.

*Fred B. Thomas* for the defendant.

WATSON, C. J.  The plaintiff, trustee in bankruptcy of Thomas Redmond's bankrupt estate, brings this action of replevin to recover possession of five cows and one horse claimed by plaintiff to belong to Thomas Redmond, husband of the defendant, but to have been turned over by him to her without consideration, and in attempted fraud of his creditors.  The cows were sold by the plaintiff and the proceeds held for the benefit of such creditors.  The plaintiff allowed Thomas Redmond and the defendant to retain the horse with the understanding that if, on the trial of this cause, the defendant should be found to be the owner, she should of course retain the animal; but if the plaintiff should prevail in this respect defendant and her husband should pay an agreed sum to the plaintiff for the benefit of the creditors of the bankrupt estate.

At the close of the evidence the court ruled that in respect of two of the cows and the horse there was nothing for the jury, since as to them there was no such transfer of possession from the bankrupt to his wife as the law requires in order to make the transfer effective against his creditors.  This ruling stands upon the record as unchallenged, and hence the questions for review relate solely to the other cows.  The defendant claimed to own these remaining cows, by gift from her father when they were calves, and this claim was supported by her evidence.  The verdict was for the defendant to recover these three cows, the value of their use from the time they were replevied, and her costs.

For the purpose of showing the evidence, the tendency thereof, the claims, the offers, objections, exceptions, the concessions of the parties, and rulings of the court, the transcript is made a part of the bill of exceptions and is to control. We therefore dispose of all questions presented for review, on what is shown by the transcript. The exceptions are numbered herein the same as in the bill of exceptions.

[1]    1. The plaintiff was asked in his examination in chief, whether or not some information came to him from the records in the town of Shelburne which aided him in drawing the conclusion which led him to bring this suit. On objection being made, the evidence was excluded and exception noted. But no offer was made as to what plaintiff expected to show, and therefore no question was saved. For the same reason exceptions 2, 4, and 5 present no question for review.

[2, 3]    3. The defendant, called as a witness by the plaintiff, having testified that she knew of her husband's giving a chattel mortgage to his sister, Mrs. Mary McKenzie, in the fall of 1913, on the cattle which defendant claimed to own, was asked whether she knew that in that mortgage her husband swore he owned those cattle and that they were free and clear of all incumbrance. Plaintiff excepted to the ruling of the court excluding the question, without assigning any ground. The element of the question as to whether defendant knew that her husband swore in the mortgage that the cattle were free and clear of incumbrance, was of no consequence in this case, for which reason, if for no other, the exclusion of the whole question was not error. *Vaillancourt* v. *Grand Trunk Ry. Co.*, 82 Vt. 416, 74 Atl. 99.

[4]    8. Thomas Redmond was first called as a witness by the plaintiff, and in direct examination testified that on the 13th of October, 1913, he executed a chattel mortgage to Mary McKenzie for the sum of five hundred dollars on certain personal property which included a bay mare and five head of cattle which the plaintiff replevied from defendant; and in connection with the testimony of the witness and that of defendant, the mortgage was introduced in evidence by plaintiff. This same witness was called by defendant, and asked whether or not prior to the giving of that mortgage two suits were brought against him. He answered in the affirmative. On objection being made to the answer, the court permitted it to stand, to which plaintiff excepted. The witness, continuing his testimony, said the amount

demanded in the two suits together was five hundred dollars; that the mortgage note was given to the mortgagee, in connection with the mortgage, for the purpose of raising money with which to settle those suits.    The defendant had testified, when called as a witness by plaintiff, that she gave her husband permission to give that mortgage on her property to help him out.    The answer, which was permitted to stand against the exception under consideration, was explanatory of the giving of the mortgage by the witness, covering property now in dispute of which defendant claims to be the owner, and there was no error in the ruling. *Foster's Exrs.* v. *Dickerson* 64 Vt. 233, 24 Atl. 253.    This holding is determinative of the same legal question presented by exceptions 9 and 11, which need not be further noticed.

[5]    10.    Defendant, testifying in her own behalf, stated that in the years 1912 and 1913 she and her husband made their lists together, ''the lister said it would not make any difference.'' Q.    That was the suggestion of the lister?    A.    It was.    After this answer was given the testimony was objected to as immaterial and incompetent, and exception saved to the court's permitting it to stand.       The answer being strictly responsive to the question, the objection was too late to avail.    *Ford* v. *Hersey,* 92 Vt. 405, 104 Atl. 875; *In re Clogston's Est.,* 93 Vt. 46, 106 Atl. 594.

*Judgment affirmed.*