MARGARET J. W. BOYD *v.* TOWN OF HARTFORD.

May Term, 1942.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed October 6, 1942.

*Loren R. Pierce* for the plaintiff.

*William S. Pingree, Fred B. Thomas* and *Ernest E. Moore* for the defendant.

STURTEVANT, J. This suit was commenced at law as an action of contract and was transferred to the court of chancery upon the defendant's motion. The defendant incorporated a demurrer in its answer alleging that it does not appear from the bill that the plaintiff has title to the town orders in question or any right to maintain this action against the defendant for a recovery on them. After hearing the demurrer was overruled and the benefit of the defendant's exception to this action of the court was reserved to it. A trial was had on the merits, findings of fact filed and a decree was entered for the plaintiff. The case is here upon the defendant's exceptions.

The bill contains the following allegations material to the questions raised by the demurrer.

Moses H. West and Myra J. West were husband and wife and the plaintiff is their only child. Moses H. West died testate March 17, 1909. On that date he was the owner and holder of four town orders in the total principal sum of $7,000 which at various times had been made, executed and delivered to him by the defendant. Each of these was payable to the order of Moses H. West.

His will was duly proved before and allowed by the probate court for the district of Hartford and his widow, Myra J. West, was appointed executrix in accordance with the terms of that instrument. The testator bequeathed the town orders to the plaintiff under her maiden name, Margaret Jackman West. The will also provided that the plaintiff should receive the income from the orders until she should reach the age of thirty years, if she lived to reach that age, when they should become absolutely the plaintiff's property.

Myra J. West filed her final account as executrix of her husband's estate June 6, 1910. It was allowed by the probate court on that date. In that account the estate was charged with the orders by the following entry:

"To paid Margaret J. West (town loans)
$7,000.00"

On the same day the probate court appointed Myra J. West guardian of the plaintiff, then a minor ten years of age, and at that time Myra J. West as such guardian took over the property

of her ward's estate including these orders. Each June thereafter until the time of her death, February 2, 1913, she filed her guardianship account with the probate court and the accounts were severally accepted, approved and filed by it. Each contained the following entries:

"By Town Loans received from est. of Moses West
$7,000.00"
"By int. on same                              210.00"

After the guardian's death the orders came into the hands of one Hattie J. Benedict who had no legal, official or equitable ownership of them and was without authority to receive payment of interest or principal of same. Yet the defendant, without legal or equitable justification, paid to her interest thereon from January 1, 1913, to December, 1919, at which time it also paid to her the total principal sum thereof and she then delivered the orders to the defendant, all without authority and without the knowledge, consent or approval of the plaintiff who was then nineteen years of age.

Since that time the orders have remained in the possession of the defendant and at no time has the plaintiff had physical possession of them or opportunity to procure their indorsement to her. Since the guardian's death there has been no person with authority to make such indorsement. According to the provisions of the will the plaintiff was without authority to demand payment of the principal of the orders before April 27, 1930, at which time she became 30 years of age. On and after that date she was legally and equitably entitled to full payment of the orders with annual interest thereon from January 1, 1913. The plaintiff is the legal and equitable owner of the orders together with all rights incident to such ownership. Since the death of her guardian she has received no payment of interest or principal thereon and did not know of their existence until about August 1, 1938. The defendant is indebted to the plaintiff as legatee under the terms of her father's will for the principal sum of the orders together with interest thereon from January 1, 1913. Although requested to pay same the defendant has refused and neglected so to do.

When Myra J. West as the plaintiff's guardian took

charge of the orders June 10, 1910, under the circumstances stated in the bill, her title to them as executrix of the Moses H. West estate was terminated and they no longer remained as assets thereof. *Pond* v. *Pond's Estate,* 79 Vt. 352, 359, 65 Atl. 97, 8 L. R. A. (N. S.) 212; *Coolidge* v. *Taylor and Trustee,* 85 Vt. 39, 50, 51, 80 Atl. 1038; *In re Clark's Estate,* 100 Vt. 217, 221, 136 Atl. 389, and cas. cit. She had properly accounted for them as executrix of that estate and thereafter she held the orders as the property of her ward. While the physical possession of the orders could not be delivered to the plaintiff until she was thirty years of age yet under the circumstances as alleged in the bill she became the owner of them before that time in accordance with the stated provisions of the will. When she reached the age of thirty years she then became entitled to receive physical possession of the principal as well as the interest on the orders. They became "absolutely her property." *In re Scott's Estate,* 36 Vt. 297, 300, 301; *Nason et al.,* v. *Smalley et al.,* 8 Vt. 118, 126, 127; *Coolidge* v. *Taylor,* 85 Vt. 39, 50, 51, 80 Atl. 1038; *Bacon, Recvr.,* v. *Barber,* 110 Vt. 280, 288, 289, 6 Atl. (2d) 9, 123 A. L. R. 253; *Noyes* v. *Noyes et al.,* 110 Vt. 511, 520, 9 Atl. (2d) 123; Woerner's Am. Law Adm. 3 ed. Vol. III, sec. 519. Error is not made to appear in the over-ruling of the demurrer.

The findings contain facts substantially as hereinbefore stated to have been alleged in the bill and in addition thereto the chancellor found as follows:

The plaintiff was taken suddenly and seriously ill with infantile paralysis on September 23, 1913. She was adopted by her aunt, Mrs. Hattie J. Benedict, and the latter's husband October 14, 1913, in the probate court for Merrimack County, New Hampshire, upon representations made by the Benedicts to the court that they "were of sufficient ability to bring her up and to furnish suitable nurture and education for her." Mrs. Benedict received the total sum of $10,566.35, including the proceeds of the town orders, which the plaintiff's father had willed to her. Each of the orders bore interest at 3% annually. Mrs. Benedict, relying entirely on her memory, testified to having paid out the total sum of $8,909.00 as necessary and extraordinary expenses because of the plaintiff's illness and in addition thereto made a charge of $654.00 for board of nurses. The vari-

ous items which the witness claimed went to make up this sum are set out in the findings. The chancellor states that as to these alleged expenditures he did not believe Mrs. Benedict's story and so was unable to find what items or parts of items were paid out for the benefit of the plaintiff.

Mrs. Benedict had become Mrs. Stark at the time of the trial but herein she is referred to by her former name.

The plaintiff has been unable to walk since being stricken with infantile paralysis in September, 1913.

In finding number three it is stated that the paragraph numbered 11 of the will of Moses H. West is as follows:

"I give and bequeath to my daughter, Margaret West my only child—the sum of Ten Thousand Dollars ($10,000)—the same being now invested as follows, to-wit:" Here follows a specific description of the town orders and bank deposits which make up that bequest after which the finding, quoting from the will, continues:

"And it is my will and direction that as to said Town Orders the same are not to be disturbed as to the principal sum of $7,000.00 until my said daughter becomes thirty years of age if she shall live to that age, but the same is to remain loaned to the Town of Hartford, as now, but the interest of the same may be used ·by her guardian for her rearing and education, care and comfort in the discretion of said Guardian."

"And as to the said Savings Bank and Savings Department fund it is my will and direction that the same be kept invested as at present until my said daughter shall become twenty-one years of age, but that the dividends thereon accruing may be used if required by said Guardian for the best interests and good of said child as her Guardian may deem best for her."

"And if my said daughter lives to the age of twenty-one years the deposits in all of said Savings Bank Books shall become absolutely the property of the said Margaret."

The defendant contends that the chancellor erred in failing to include in the above finding other parts of the same paragraph of the will which are as follows:

"And if she shall attain the age of thirty years, the said Seven Thousand Dollars due from the Town of Hartford shall also become absolutely the property of the said Margaret, and

508

if the same Margaret shall not live to be twenty-one years of age, all the above designated legacies of Ten Thousand Dollars shall be and become the absolute property of my residuary legatee hereinafter named, and in case my said daughter shall live to be twenty-one years of age, and shall not live to be thirty years of age, then and in that case the said Seven Thousand Dollars due from the Town of Hartford shall be and become the absolute property of my residuary legatee hereinafter named.''

It is also claimed that the chancellor should have here included that portion of the fourth paragraph of the will reading as follows:

''I hereby nominate my said wife Myra Jackman West to be sole Executrix of this my last will and Testament, and I also respectfully request that the Court do appoint her to be the Guardian of our said daughter until she arrives at her majority, and Trustee of our said Daughter's estate still not payable over to her until said daughter shall become thirty years of age and shall receive her own.''

The defendant insists that, in accordance with the above quoted provisions of the will, the plaintiff could not acquire ownership of the orders until she reached the age of thirty years and then only by authority of a decree from the probate court.

This contention can not be sustained. The testator has clearly expressed his intention as to the disposition of the orders through the language used in his will. From what we have hereinbefore stated concerning the questions raised as to the over-ruling of the demurrer and from the authorities cited in support of our holding thereon, it appears that when the will became operative it passed ownership of these orders to the plaintiff subject to the lien given by law to the executrix and the conditions specified in that instrument. The executor's lien was satisfied when she filed her final account and it was approved and allowed by the probate court and no appeal taken therefrom. When the guardian took over the orders as the property of her ward the plaintiff's title was subject to the conditional limitation stated in the will. That is if she had died before reaching the age of thirty years her title would have been divested. But that event did not happen. When she reached that age the conditional limitation was no longer in force. While before that

time her title was subject to the conditions stated in the will, thereafter the orders became absolutely her property. *Semmig* v. *Merrihew*, 67 Vt. 38, 39, 41, 30 Atl. 691; *Randall* v. *Josselyn*, 59 Vt. 557, 559 to 564 inc., 10 Atl. 577. The Randall case deals with real estate but the rules there followed also apply to personal property. 19 Am. Jur. p. 557, sec. 98 and p. 560, sec. 101 et seq.

It is claimed that it does not appear that the account mentioned in the fifth finding was in fact the final account on the estate of Moses H. West filed by the executrix. That the copy introduced in evidence is so certified by the register of the probate court is a sufficient answer to this contention.

The objection that the guardian was without authority to take over the orders as the property of her ward because they were not decreed to the plaintiff by the probate court is disposed of by what we have hereinbefore stated. This is also true of the claim that title to the orders remained with the executrix of the Moses H. West estate after June 10, 1910.

The chancellor found that the adoption of the plaintiff by Hattie J. Benedict and husband Gilbert J. Benedict resulted from their representations to the court that they were of sufficient ability to bring her up and to furnish suitable nurture and education for her. He also found that Gilbert J. Benedict had a business that supported his family in a very comfortable way.

These findings are objected to upon the ground that they are irrelevant and immaterial. However, they are based upon evidence which came into the case without objection. Therefore, they are without error. *Warner's Admr.* v. *Bronson*, 81 Vt. 121, 131, 69 Atl. 655; *Royce* v. *Carpenter and Taylor*, 80 Vt. 37, 45, 66 Atl. 888.

The defendant contends that the chancellor should have found that the plaintiff's illness made it necessary to have the services of a trained nurse for her for a period of 22 months instead of 16 months as stated. Since it does not appear that the proceeds of the orders were used to pay such nurse it is not material how long she was employed. Therefore, if there is error here it is harmless.

Finding No. 14 is as follows:

"Hattie J. Benedict knew she was liable for the plaintiff's

support, yet a short time after September 23, 1913, Mrs. Benedict borrowed $7,000 from her husband's brother-in-law, one Remick, turned over to him Pl's 1, 2, 3 and 4, the defendant town orders, as collateral security, allowed Remick to keep $2,420 of the $7,000 loan as advance payment of interest, but kept it in a tin box in a desk and claims she used all of it to pay the expenses of the plaintiff's illness during the next eight or nine years."

It is contended that this finding is "entirely erroneous" because at the time referred to therein the Benedicts had not adopted the plaintiff. Hattie J. Benedict testified that at the time of the adoption she knew she was liable for the plaintiff's support. Most, if not all, of the eight or nine year period when the witness Benedict claimed she spent the money was after the adoption. She then knew she was liable for the plaintiff's support. That is the time to which the chancellor refers when he states that Mrs. Benedict knew she was liable as stated. So construed the finding is in accord with the evidence.

The chancellor found that the plaintiff was the owner of the orders when her guardian took them over for her, that the defendant is now indebted to her for the principal sum thereof together with interest at 3% annually from January 1, 1913, and that the plaintiff is entitled to recover therefor in this action.

■ It is contended that those findings are conclusions and not findings of fact. While the statements are conclusions they are based on facts and circumstances previously detailed. Whether conclusions of law or fact they are supported by the facts already found. *Jacquith* v. *Smith et al.*, 112 Vt. 353, 363, 24 Atl. (2d) 341, and cas. cit.

Other questions raised here are disposed of in our consideration of other exceptions.

It is stated in the findings that: "The plaintiff has neither been paid nor received the principal or interest on the town orders in question and never authorized anyone to collect the same for her and never approved or ratified their collection."

It is claimed that these findings are contrary to the evidence. While Mrs. Benedict testified that she spent all of the money she received on the orders for the benefit of the plaintiff and with her knowledge, she was the only witness who claimed to personally know what funds were used to pay the bills incident to the

plaintiff's illness. The chancellor states in the findings that because of her appearance upon the stand and her position with regard to the plaintiff, he did not believe her story as to these matters. He was, therefore, unable to find what items or parts of items were paid out for the benefit of the plaintiff.

The credibility of the witnessess and the weight to be given to their testimony were matters for the chancellor's determination. *White River Chair Company* v. *Conn. River Power Company*, 105 Vt. 24, 40, 162 Atl. 859; *Utley* v. *School District of Woodbury*, 110 Vt. 522, 526, 9 Atl. (2d) 117. Error is not made to appear in these findings as made.

In the third supplemental finding the chancellor states that he is unable to find the date when the money was borrowed from Remick or that Mrs. Benedict acted in good faith in this matter. It is contended that these findings are contrary to the undisputed evidence. However, it appears from the transcript that the evidence as to these matters was conflicting. What weight should be given it was for the determination of the chancellor. See cases last above cited. As to these findings the defendant's contention is not sustained.

The defendant claims that the decree is not supported by the findings. This question is disposed of by what we have herein stated. This contention is without merit.

The witness Benedict testified concerning certain bulbs which she stated her husband had stored at their house in September, 1913. Apparently the defendant claimed these were lost because of quarantine regulations when the plaintiff was stricken with infantile paralysis. Pertaining to these she was asked the following question on direct examination by defendant's counsel. Q. "And what were they chiefly?" The question was excluded upon the plaintiff's objection. No offer of proof was made, neither was the chancellor informed what answer was expected. The exclusion was without error. *Reeves, Trustee* v. *Redmond*, 95 Vt. 106, 108, 113 Atl. 711; *Flint et ux.* v. *Davis et ux.*, 110 Vt. 401, 404, 8 Atl. (2d) 671, and cases cited.

The defendant moved to dismiss the action upon the ground that the plaintiff was without right to sue and recover from the defendant in this action. The exception saved to the overruling of this motion is disposed of by what we have stated in our

consideration of the defendant's demurrer. The denial of the motion was without error.

The defendant insists that the plaintiff is not entitled to recover in this action because she has already received the benefit of the proceeds of the town orders upon which this suit is based. This contention is not in accord with the findings which we have seen are without error. Hence this exception is without merit.

The defendant has briefed several exceptions saved to the chancellor's failure to comply with ten of its requests for findings. Each of these that was not granted contained statements inconsistent with the facts found. We have seen that the findings must stand as made. Therefore, it follows that error does not appear in the chancellor's failure to comply with these requests.

All exceptions briefed by the defendant have been considered and no error appears. *Decree affirmed, and cause remanded.*