## MICHAEL KELLY *vs.* BRADFORD SPROUT.

Bounty money to which a minor apprentice becomes entitled by his enlistment as a soldier, belongs to himself, not to his master.

An agreement by a minor apprentice to give to his master his military bounty money if the master would permit him to enlist as a soldier, is voidable by the apprentice by reason of his infancy.

CONTRACT for five hundred dollars bounty money to which the plaintiff became entitled as a soldier, but which was received by the defendant.

The facts were agreed in the superior court, and judgment was entered there for the plaintiff, and the defendant appealed to this court. It appeared that the plaintiff was indentured as an apprentice to the defendant by the overseers of the state almshouse at Monson, in 1859, and that the indenture remains uncancelled, unless it has become null by the following facts : In 1865 the plaintiff, being about fifteen years of age, became desirous to enlist as a soldier, and discontented to such a degree that the defendant consented to permit him to enlist, on the condition that he should give to the defendant the bounty money to which he should become thereby entitled. The plaintiff agreed to do so, and enlisted; and the defendant received his bounty money, amounting to five hundred and twenty dollars in all, partly from the Commonwealth of Massachusetts, partly from the town of Greenfield, and partly from the United States. He paid to the plaintiff twenty dollars of that sum; and this action was brought to recover the balance.

*J. G. Allen* (*E. B. Gillett* with him), for the plaintiff.

*C. Delano*, for the defendant.

FOSTER, J. The apprentice entered the military service by his master's consent, as the agreed facts expressly state. This court has held that the earnings of a minor apprentice on a whaling voyage, which he had performed with his master's consent, belonged to the apprentice himself, and not to the master. The master's right to the services of the apprentice are suspended when he undertakes to assign him to the custody and

control of another, and payment of the wages for such services, made by the third party to the master, is no defence to an action for them by the minor. *Randall* v. *Rotch*, 12 Pick. 107. *Nickerson* v. *Easton*, 12 Pick. 110. *Ayer* v. *Chase*, 19 Pick. 556. If this be true in the case of a customary employment of the minor as a seaman on a peaceful voyage, *a fortiori* the same rule must apply where the minor is allowed to enter the army as a soldier in time of war.

It is by no means clear that even a father is entitled to the pay earned by his minor son as a soldier or sailor. It was said by Mr. Justice Story in *United States* v. *Bainbridge*, 1 Mason, 84, with reference to the United States statutes as to enlistment in the navy, in force in 1815, " The laws manifestly contemplate that it is a personal contract made by the infants themselves for their own benefit. They are entitled to the pay, the bounties and the prize money earned and acquired in the service."

The master's claim to the minor's bounty is still weaker than it would be to his wages or pay as a soldier. When the English naval enlistment acts expressly gave to the master the wages of his apprentice who volunteered or was impressed into the navy, the courts held that prize money belonged to the apprentice himself, because it was not wages, but the bounty of the crown.  St. 2 & 3 Anne, *c.* 6, § 17. *Carsan* v. *Watts*, 3 Doug. 350. *Eades* v. *Vandeput*, 4 Doug. 1.

The bargain between the minor and his master, that the latter should have the bounty, was voidable at the minor's election. This is the privilege of his infancy. Met. Con. *c.* 2. We discover nothing in the statutes to support the position that minors have been made capable of binding themselves by a contract as to bounty or pay, as if they had attained their majority. The St. 1863, *c.* 254, § 1, provides that state bounty shall not be paid to any minor having parents or guardians within the Commonwealth, without their written consent. The St. 1865, *c.* 235, provides that a minor's bounty and pay shall not be subject to egal process for his parents' debts, and the transfer thereof by the parent to the minor shall not be deemed fraudulent as to creditors. But we find nowhere any indication that the legis-

lature intended to take away the shield and protection of infancy. On the agreed facts,

*Judgment for the plaintiff.*