THOMAS DINSMORE, administrator, *vs.* JOHN R. WEBBER.

*Infant's contract—rescission of by administrator.*

A contract between a minor and his master whereby the former paid his bounty money to the latter in consideration of his consent to the minor's enlistment, may, after the minor's decease, intestate, be rescinded by the administrator of his estate, and the money recovered back.

ON REPORT.

ASSUMPSIT to recover three hundred dollars, money received by the defendant from the town of China as the bounty for the enlistment upon China's quota into the military service of the United States, of the plaintiff's intestate.

The writ was dated Feb. 10, 1869, and it contained one count on an account annexed, and another for money had and received on January 9, 1864.

The receipt of the money being admitted by the defendant, the plaintiff stopped; whereupon the defendant offered to prove that

the plaintiff's intestate was a minor about seventeen years of age, lawfully bound to him by the overseers of the poor of the town of China, and that he had been with the defendant under the indentures about three years; that the minor desired to enlist into the army, but the defendant objected on the ground that he was legally entitled to his services; that it was finally agreed that if the defendant would consent to the enlistment, the minor should let the defendant have his bounty-money; that the defendant did thus consent, and the money was accordingly paid by the officers of China to the defendant under the agreement, and with the consent of the plaintiff's intestate.

The presiding judge ruled that the foregoing facts, if proved, would not constitute a defense to the action. Thereupon the defendant submitted to a default, with leave to report the case to the law court. If the court should be of the opinion that the evidence offered should not be received, the default to stand and the defendant to be heard in damages.

*J. Baker*, for the plaintiff.

*A. Libbey*, for the defendant.

The defendant was legally entitled to the minor's services until he should become of age. The minor could obtain town and government bounty only by consent of the defendant, and a reliquishment of services while in the service. The minor agreed with the defendant that if he would give his consent, the defendant should receive the town bounty. The contract was executed by both parties.

The minor cannot recover back the money paid in execution of the contract, without restoring to the defendant what he parted with. *Breed* v. *Judd*, 1 Gray, 455; *Robinson* v. *Weeks*, 56 Me. 102.

If the contract was voidable by the minor, his administrator could not rescind. Infancy is a personal privilege, and none but the infant can rescind an executed contract. The evidence offered should have been admitted. *Oliver* v. *Houdlette*, 13 Mass. 237.

Cottle *v.* Young.

APPLETON, C. J.   The bounty money paid upon a minor's enlistment belongs to the person enlisting and not to his parent or master.   The alleged contract between the plaintiff's intestate and the defendant was voidable, and might have been avoided by him during his life-time. *Mears.* v. *Bickford,* 55 Maine, 528 ; *Kelley* v. *Sprowle,* 97 Mass. 169 ; *Banks* v. *Conant,* 14 Allen, 497.

The plaintiff represents the intestate and has his right of rescission. *Hardy* v. *Waters,* 38 Maine, 450 ; *Roberts* v. *Wiggin,* 1 N. H. 74 ; *Person* v. *Chase,* 37 Vt. 647 ; *Hussey* v. *Jewett,* 9 Mass. 100.

As the infant could have rescinded the alleged contract, so can his executor or administrator.                    *The default to stand.*

CUTTING, KENT, BARROWS, DANFORTH, and TAPLEY, JJ., concurred.