## CHARLES HOLT *vs.* PLEAMAN HOLT.

*Bounty money—to whom it belongs.   Desertion—conviction of essential before being subject to its disabilities.*

The plaintiff, when a minor, enlisted into the military service of the U. S., with the consent of his father, to whom he gave his bounty-money, and, subsequently, deserted from the service.  When he became of age, he demanded the money of his father, who refused to refund it.  In assumpsit for money had and received, *Held,* (1) That the action was maintainable; (2) That a person must be lawfully convicted of desertion before "he shall be deemed and taken to have voluntarily relinquished and forfeited his rights of citizenship;" (3) That interest is recoverable from the time it was received by the father.

ON EXCEPTIONS.

ASSUMPSIT to recover the sum of five hundred and ninety-four dollars given by the plaintiff to his father, the defendant, Aug. 23, 1864.   This money was received by the plaintiff as a bounty for enlistment, with the written consent of his father, into the U. S. military service for three years, he being then a minor seventeen years of age.

The case was submitted to the presiding judge, with the right of exceptions, who found, as matters of fact,

- That the plaintiff enlisted into the military service of the U. S. in August, 1864, when a minor; that his father gave his written consent to the enlistment; that the plaintiff received $600 as bounty, $594 of which he sent to his father, who received it; that the plaintiff deserted; that when of age, he demanded the money of his father who refused to refund it; and that the demand was before this suit was commenced.

The presiding judge ruled that the action was maintained for the amount demanded and interest; and thereupon the defendant alleged exceptions.

*W. W. Virgin,* for the plaintiff.

*J. J. Perry,* for the defendant, contended, *inter alia,* that the plaintiff having deserted had forfeited his right to sue by virtue of act of congress of March 3, 1865, c. 79, § 21.

DICKERSON, J. Assumpsit to recover certain money of the defendant, which the plaintiff received as bounty, and delivered to the defendant, when he enlisted into the military service of the United States.

The case was tried by the presiding justice with the right to except in matters of law. The justice found, as matter of fact, that the plaintiff enlisted, when a minor, with his father's consent, and sent $594 of his bounty to the defendant, who is his father, and received the money; that the plaintiff deserted; that when of age, and before action brought, he demanded the money of the defendant, who refused to refund the same. This finding of the justice is conclusive upon the parties.

The justice ruled, as matter of law, that the action can be maintained for the amount demanded and interest, and the defendant excepted.

Bounty-money, received by a minor upon his enlistment into the military service of the United States, is a gift to him, and not wages, and an agreement by him to give such bounty to his father or master for permitting him to enlist is voidable by such minor on the ground of infancy. The demand of the money, and the bringing of this action show an election by the plaintiff to treat such agreement, if any there was, as void. *Mears* v. *Bickford,* 55 Maine, 528; *Kelley* v. *Sprout,* 97 Mass. 169.

The crime of deserting the army of the United States is exclusively an offense against the government of the United States, and is punishable only through the courts of the United States having jurisdiction thereof. Courts-martial of the United States have exclusive jurisdiction of this offense, and must find the party charged with being a deserter guilty thereof, before "he shall be deemed and taken to have voluntarily relinquished and forfeited his rights of citizenship," under the act of congress, c. 79, § 21, approved March 3, 1865.

Both desertion and conviction for that offense are necessary to render a person liable to suffer the penalty imposed by that statute. The justice found the desertion only; the other material fact is

wanting.    The státute,  therefore,  becomes inapplicable, and the rul-
ing of the justice was  correct.    *State* v. *Symonds*, 57  Maine, 151.
From the view we have taken of this case, it is unnecessary for us
to determine the effect that forfeiture of the rights of citizenship,
under the act of congress cited, would have upon the right of a party
subject to that disability, to maintain an action in the courts of this
State.    It will be time enough to settle that question when it prop-
erly arises.     *Exceptions overruled.    Judgment for plaintiff
for five hundred and ninety-four  dollars
($594) and interest from Aug. 23, 1864.*

APPLETON,  C. J.;  KENT,  WALTON,  BARROWS,  and  TAPLEY,
JJ., concurred.