EDGAR W. WHITCOMB BY NEXT FRIEND, *v.* E. A. JOSLYN.

*Contract. Infancy. Fraud.*

Plaintiff, falsely representing himself to be of full age, bought a wagon of defendant, paying part of the purchase-money, and giving his promissory note secured by a lien on the wagon for the remainder. After plaintiff had used the wagon until the use he had had of it was worth more than what he had paid, and until it had depreciated by more than a like sum, he made default in payment, whereupon defendant took the wagon under his lien, and sold it at auction. Plaintiff thereupon brought assumpsit for the money he had paid. *Held*, that as defendant retook the wagon, plaintiff was relieved of the duty of returning it or rescinding the contract, and might recover, notwithstanding the depreciation and the value of the use of the wagon; and that it made no difference that plaintiff falsely represented himself of age, as such a representation could add nothing to the obligation of the contract.

ASSUMPSIT. Plea, general issue, and trial by the court, April Term, 1878, POWERS, J., presiding.

It appeared that on April 21, 1877, the plaintiff, falsely representing himself to be of age, bought a wagon of the defendant for $50, of which he then paid $9, and for the remainder of which he

gave his promissory note payable in installments secured by a memorandum of lien which was duly recorded. The plaintiff afterwards paid $10 on his note, but failed to pay more according to the tenor of his note, and accordingly the defendant took possession of the wagon by virtue of his lien, and sold it at public auction to satisfy the unpaid balance of the note. The wagon was then worth not more than $20, and was sold for less than that sum. The plaintiff had possession of the wagon, and used it from the time he bought it to November 13, 1877. When he took it, it was worth the agreed price; when the defendant retook it, it was worth $20; and the use the plaintiff had of it was worth what he had paid towards it. The plaintiff was under age all the while that he had the wagon, but never offered to return it and rescind the contract. The action was brought to recover the sum paid towards the wagon.

Judgment was rendered for the plaintiff; to which the defendant excepted.

*Niles & Thorp*, for the defendant.

The plaintiff cannot take advantage of his infancy because he did not offer to rescind the contract and return the wagon. *Farr* v. *Sumner*, 12 Vt. 32; *Price* v. *Furman*, 27 Vt. 268; *Wiser* v. *Lockwood's Estate*, 42 Vt. 720.

The use of the wagon should offset the money paid.

*C. C. Burke*, for the plaintiff.

The plaintiff could avoid the contract and may recover consideration paid. *Abell* v. *Warren*, 4 Vt. 149; *Price* v. *Furman*, 27 Vt. 268; *Person* v. *Chase*, 37 Vt. 647; 1 Am. Lead. Cases, 259.

The fact that he falsely represented himself of full age makes no difference. *Burley* v. *Russell*, 10 N. H. 184; 1 Am. Lead. Cas. 261, 262; *Gilson* v. *Spear*, 38 Vt. 311; *Doran* v. *Smith*, 49 Vt. 353.

No offer to return the property and rescind the contract was necessary. The defendant had the property before suit was brought, and the bringing of suit was all the rescission that was necessary. *Price* v. *Furman, supra.*

The question as to the value of the wagon and of the use of it was immaterial.

The opinion of the court was delivered by

DUNTON, J. I. It is not controverted that all contracts entered into by an infant, except for necessaries, can be disaffirmed by him, and, if executed, the money paid, or other property delivered thereon by him, recovered back, if he restore to the other party what he received therefor. In the case at bar, the defendant took possession of the wagon by virtue of a lien reserved thereon by him, so that, by his own act, the property sold by him to the plaintiff went back into his, the defendant's, possession. This left nothing for the plaintiff to do to entitle him to the money paid by him towards the wagon but to disaffirm the contract. This he did ; and his right of recovery is not affected by the fact that the wagon depreciated in value while in his possession by reason of use or otherwise. The plaintiff is no more liable for the use of the wagon than for its agreed price ; neither the wagon, nor the use of the same, by anything appearing in the case, can be claimed to be necessaries, for which he would be liable. *Price* v. *Furman*, 27 Vt. 268.

II. Does the fact that the plaintiff, at the time he traded for the wagon, falsely represented to the defendant that he was of age, affect his right of recovery in this case ? We think not. To hold that he is estopped by such representations from avoiding the contract by asserting his infancy, would be an exception to the law governing this class of cases. Such representations cannot be of any greater force to bind the plaintiff than the contract itself; but whether the plaintiff would be liable to the defendant for the deceit, in an action *ex delicto*, is a question we have no occasion to consider or decide. In our opinion, the false representations complained of do not make the contract any more binding than it otherwise would be. *Burley* v. *Russell*, 10 N. H. 184 ; *Fitts* v. *Hall*, 9 N. H. 441 ; Schoul. Dom. Rel. 567.

*Judgment affirmed.*