THE SUMMIT AUTO CO. *v.* JENKINS, A MINOR.

*Contracts—Infant misrepresents age upon purchasing automobile—Minority may be pleaded to avoid contract, when —Right to recover payments, without diminution.*

1. A minor who has falsely represented himself to be of legal age and thus purchased an automobile (not a necessity), is not estopped by such misrepresentation from setting up his infancy in avoidance of the contract.
2. In such case, where the seller takes possession of the automobile, the minor is entitled to recover the amount paid by him without diminution either for the use of the automobile during the time he had possession of it or for damages accruing from depreciation and wear and tear on the same.

(Decided November 9, 1925.)

ERROR: Court of Appeals for Summit county.

[1] Infants, 31 C. J. § 35; [2] Id., § 79.

*Mr. Dwight G. Hay,* for plaintiff in error.

*Mr. E. G. Hammond* and *Mr. Paul G. Scearce,* for defendant in error.

FUNK, J. This is an action at law in which the defendant in error, a minor, by his father as next friend, commenced suit in the Municipal Court of Akron to recover money paid by him to the plaintiff in error on the purchase price of an automobile, which was not a necessity for him. The case was submitted to the court without a jury, which found in favor of the plaintiff for the full amount paid, to-wit, $400. The case was taken upon error to the court of common pleas, which affirmed the judgment of the municipal court. The parties will be referred to as plaintiff and defendant, as they stood in municipal court. The controlling facts, as appear from the agreed statement of facts, are substantially as follows:

In April, 1923, the plaintiff, Arlie M. Jenkins, who was then a minor, together with one John L. Weber, who was also a minor, purchased of defendant a used Paige sport model touring car automobile for $600. They paid $200 cash, gave a note due in ten days for $50, and a note for the balance in the sum of $386.56, payable in eight monthly installments of $48.32 each. The $50 note due in ten days was paid, and three monthly payments of $48.32 were paid, making the total amount paid $394.96—all of which was paid by the plaintiff Arlie M. Jenkins, without any contribution from the said John L. Weber. The automobile was delivered to said Jenkins upon the payment of the $200 and the execution and delivery of the notes, which were

secured by a chattel mortgage upon the automobile, signed by both Jenkins and Weber. Upon the failure to make further payments upon the note, defendant made an effort to locate the automobile and found it at Gary, Indiana, at the home of said Weber. The defendant company took possession of the automobile, and it is held by defendant pending payment of the balance due on the purchase price from Jenkins, or Weber, or both.

After locating the automobile, defendant demanded payment of the balance due from the plaintiff, who refused to make any further payments, and informed defendant that he was a minor. Afterwards, on or about February 13, 1924, defendant received a letter from plaintiff, demanding repayment of the amount paid by him, and afterwards, about February 26, 1924, plaintiff appeared in person, with his father, and demanded from the defendant repayment of the money paid by plaintiff.

It is further agreed that at the time plaintiff and Weber purchased the automobile, they were both minors; that plaintiff represented that he was 22 years of age; that he had been employed for some time, drawing his own pay, and spending his money as he saw fit; that defendant would not have made the sale to either plaintiff or Weber, or both, if Jenkins had given his correct age; that $600 was the reasonable value of the automobile at the time of the sale, and "that owing to depreciation and wear and tear, said automobile at present is not worth to exceed the sum of $100."

The sole question at issue is, Does a minor's fraudulent misrepresentation that he is of legal age

estop him from avoiding his written contract for the purchase of personal property (not necessaries), and from recovering back the amount paid?

In *Lemmon* v. *Beeman,* 45 Ohio St., 505, the rule is announced that an infant may disaffirm a purchase of personalty (not necessaries), made during minority, and recover back the consideration paid, without restoring the property so purchased, if the property ceases to be in his possession or subject to his control. While this case is cited with approval in a number of decisions of the common pleas and appellate courts in Ohio, and is regarded the established rule in Ohio, and cited in text-books as a leading case, it is to be observed that the question of the misrepresentation as to age is not an element in the *Lemmon case.* Hence the question: Is the rule otherwise when the minor falsely misrepresents himself to be of legal age?

While some of the lower courts in Ohio have held that such misrepresentation as to age does not change the rule announced in *Lemmon* v. *Beeman, supra,* yet the question seems to have never reached our supreme court and been squarely decided by it.

The decisions are not uniform in all the states on this question. Before giving our conclusions we wish to call attention to some of the decisions on each side of the question.

In *Whitcomb* v. *Joslyn,* 51 Vt., 79, the court states in the syllabus:

"*Held,* that as defendant retook the wagon, plaintiff was relieved of the duty of returning it or rescinding the contract, and might recover, notwithstanding the depreciation and the value of the use of the wagon; and that it made no difference

that plaintiff falsely represented himself of age, *as such a representation could add nothing to the obligation of the contract."* (Italics ours.)

In the body of the opinion the court further says:

"To hold that he is estopped by such representations from avoiding the contract by asserting his infancy, would be an exception to the law governing this class of cases. Such representations cannot be of any greater force to bind the plaintiff than the contract itself; *  *  *."

In *Conrad* v. *Lane,* 26 Minn., 389, the court in its opinion makes the following observation:

"To make an exception to the rule in cases in which the infant has, at the time of making an alleged contract, represented himself to be of age, would be a manifest infringement upon this policy of the law—a disregard of the reasons upon which it is founded, and of the purpose which it has in view, viz., to protect the infant from being drawn into contracts which it is not necessary for him to make, and of which he is not capable of judging."

In *Tobin* v. *Spann,* 85 Ark., 556, the court says, at page 559:

"The doctrine that an infant is not estopped by a false representation as to his age rests upon the principle that one under the disability of minority has no power to remove the disability by a representation, and that his representations cannot be of greater force than the contract itself."

The federal rule, as announced in *Sims* v. *Everhardt,* 102 U. S., 300, second syllabus, is:

"An estoppel *in pais* not being applicable to an infant, she was not estopped from alleging her infancy, by any declaration which, at the time of

executing the deed, she made in regard to her age.''

In the opinion, at page 313, the court says that ''a fraudulent representation of capacity cannot be an equivalent for actual capacity.''

To this same effect might be cited many other cases, but we call attention only to *Knudson* v. *General Motorcycle Sales Co.*, 230 Mass., 54, and *Burley* v. *Russell*, 10 N. H., 184.

*Rice* v. *Boyer*, 108 Ind., 472, is among the leading if not the leading case holding that the misrepresentation of a minor as to his age at the time of making a contract will make him liable. This holding is upon the theory that he is liable in an action *ex delicto* for the injury resulting from his wrongful misrepresentation, and that this does not involve a violation of the principle that an infant is not liable where the consequence would be an indirect enforcement of his contract, for the reason that such recovery is not based upon the contract, as the contract is treated as of no effect, and that he is thus not asked to pay the contract price of the article purchased, but is only held to answer for the actual loss caused by his fraudulent representation; and, further, that if he is amenable to the criminal law, he must be responsible in an action in tort to the person whom he has wronged.

Williston on Contracts, Volume 1, Section 245, page 478, reads as follows:

''It is everywhere agreed that the fact that an infant was trading as an adult or otherwise appeared to be of age, and that the other party contracted with him on the belief that he was an adult, does not affect the validity of the transaction or the infant's privilege either at law or in equity. If the

infant is guilty of actual misrepresentation of his age, the authorities are not so uniform but the view is generally accepted that he is not thereby precluded in an action at law from asserting with its ordinary consequences his privilege as an infant.''

From a careful examination of the decisions and the text-books on this subject, we are clearly of the opinion, both upon principle and authority, that the better rule is that misrepresentation by a minor as to his age at the time of making the contract does not change the rule laid down in *Lemmon* v. *Beeman,* 45 Ohio St., 505, and that although the general rule of law is that a minor is liable for his tort, where the act is purely tortious, yet, if the act arises *ex contractu,* the great weight of authority seems to be that he is not liable, and that to make a minor liable for a tort connected with a contract the tort must be a distinct and substantive wrong in itself without reference to the contract. To hold otherwise we believe would be to nullify and disregard the reasons upon which the rule as laid down in *Lemmon* v. *Beeman, supra,* is founded, and the purpose for which it is intended, and make a fraudulent representation for capacity the substantial equivalent for actual capacity.

This being an action at law, not wholly in tort, but arising in contract, as shown by the pleadings and the agreed statement of facts, we find no error in the judgment of the court below, and the same is affirmed.

*Judgment affirmed.*

PARDEE, P. J., and WASHBURN, J., concur.