Arnede McNaughton, b. n. f. *v.* Granite City Auto Sales, Inc.

January Term, 1936.

Present: Slack, Moulton, Thompson, and Sherburne, JJ., and Buttles, Supr. J.

Opinion filed February 16, 1936.

*Finn & Monti* for the defendant.

*Stanley L. Chamberlain* for the plaintiff.

MOULTON, J.  The plaintiff, a minor, entered into a contract (originally in writing, but later orally modified) for the purchase of an automobile.  The price was $150, and payment was to be made in weekly instalments of $3 each.  Delivery was to be made when $50 had been paid.  After $41 had been paid under this arrangement, the plaintiff, who had lost her position,

made no further payments. The automobile, several months later, was sold by the defendant to another purchaser for its then approximate value, which was not over $60. Thereafter, the plaintiff, through her attorney, demanded of the defendant the return of the $41 which she had paid. The demand was refused and this action was brought to recover the money.

The trial court, after finding the above facts, rendered judgment for the plaintiff, to which the defendant excepted.

■ ■ Since this was a contract relating to personal property, and the plaintiff was a minor, she could disaffirm it while under age. *Hoyt* v. *Wilkinson*, 57 Vt. 404, 406; *Price* v. *Furman*, 27 Vt. 268, 270, 65 A. D. 194. After disaffirmance, she was entitled to the return of the money paid. *Whitcomb* v. *Joslyn*, 51 Vt. 79, 81, 31 A. R. 678; *Holden Taft & Co.* v. *Pike*, 14 Vt. 405, 409, 39 A. D. 228. There is no question here as to the restoration of any property received by her, because the automobile never came into her possession and control. *Price* v. *Furman, supra*, p. 271; *Bombardier* v. *Goodrich*, 94 Vt. 208, 210, 110 Atl. 11, 9 A. L. R. 1028. There is no claim that the machine was a necessary. The plaintiff's rights are not affected by any depreciation in its value at the time of the final sale. See *Whitcomb* v. *Joslyn, supra*.

■ ■ Any act on the part of the plaintiff, clearly showing an intention not to be bound by the contract, was sufficient to avoid it. *Heath* v. *West*, 26 N. H. 191, 199. The demand for the return of the money and the bringing of this action for its recovery indicated an election by her to treat the contract as void. *Holt* v. *Holt*, 59 Me. 464, 465.

■ The judgment was warranted by the facts as found, and this is the only question before us. *Greenwood* v. *Lamson*, 106 Vt. 37, 41, 168 Atl. 915; *Royal Bank of Canada* v. *Girard*, 100 Vt. 117, 119, 135 Atl. 497.

*Judgment affirmed.*