Vermont Superior Court
Filed 04/09/26
Washington Unit

VERMONT SUPERIOR COURT
Washington Unit
65 State Street
Montpelier VT 05602
802-828-2091
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 24-CV-04273

| Juliet Stephens v. Shannon Gilmour |
| --- |

## ENTRY REGARDING MOTION

**Title:** Motion to Seal AND REDACT RECORDS CONTAINING MINOR CHILD'S IDENTIFYING INFORMATION (Motion: 34)
**Filer:** Juliet Stephens
**Filed Date:** April 08, 2026

The motion is GRANTED IN PART and DENIED IN PART.


Defendant Shannon Gilmour has filed a post-judgment motion requesting enforcement of the Court's December 9, 2024 Order relating to the redaction of Ms. Gilmour's minor child's name in the Court's filings.

Brief Background

By way of background, Plaintiff Juliet Stephens filed the present case in October 2024 seeking Ms. Gilmour and her daughter's eviction. In her complaint, Ms. Stephens named both Ms. Gilmour and her minor daughter, M.G. as defendants. Both Ms. Gilmour and M.G. were residing at the property, and both were named in the lease as tenants.

On November 19, 2024, Ms. Gilmour filed a motion to have M.G.'s name redacted to her initials in the filings made to date and redacted in the same manner going forward. On December 9, 2024, the Court granted this motion with a single word order.

On January 6, 2025, the Court, in part addressing issues related to Ms. Gilmour's ability to represent M.G. in the litigation, questioned why Plaintiff needed M.G. as a party to the present eviction, since, as a minor, her residence was largely derivative and dependent on her Mother's tenancy. In response, Plaintiff moved to dismiss her claims against M.G., which the Court granted on April 17, 2025. In the same Order, the Court dismissed M.G.'s counterclaims against Plaintiff, which effectively removed M.G. as a party to the present litigation.

Subsequent to the Court's December 9th Order, the parties have abided by the limitation to only refer to M.G. using her initials in their filings. While the Court did not conduct a

1

systematic review of the record, it did not find any motions, briefs, or filings where either party used M.G.'s full name. As well, the Court has taken actions to remove M.G. as a party to this action. She is not listed as a party or in the caption within the Court's records.

At the same time, there does appear to be certain documents in the record that have M.G.'s name. In the Court's initial review, they appear to generally fall into one of three categories.

The first are references to M.G. found in pleadings and filings pre-dating the Court's December 9, 2024 Order. While limited in number, these references in both the caption and the body of these filings should be redacted consistent with the Court's December 9th Order.

The second are references to M.G. found in the Court's docketing system, particularly the title of various entries, which are related to filings that M.G. made through her attorney Austin Anderson. These were likely generated by Attorney Anderson, but the Court finds that it would only be reasonable to treat these filings in the same manner, and it will act to redact these electronic tags consistent with the Court's Order.

The third category of documents are documents that reference M.G. by name, and they should be divided into two groups. The first are documents, like the Lease, that contain M.G.'s name. The second are the numerous exhibits and documents, primarily filed by Ms. Gilmour that contain voluminous information about M.G. including sensitive school records. Most of these documents were filed after M.G. was dismissed as a party and her claims dismissed, and they were filed by Ms. Gilmour who was looking to introduce these documents to bolster Ms. Gilmour's claims.

The vast majority of Ms. Gilmour's filings are not available to the public because they were not admitted, and while they are part of the record in this case, they are not generally available.

Some of the documents in this category, particularly copies of the lease, and other official records may have a glancing reference to M.G. This reference to M.G., like in the Lease, is limited and ancillary to the main purpose of the document. They do not, unlike many of the Gilmour exhibit, draw undue attention to M.G. or her personal information.

Legal Analysis

In her motion, Ms. Gilmour makes six requests for action. Two of these requests are reasonable and will be granted. First, the Court will review the docket entries in the file and will

redact or rename any filing to avoid using M.G.'s full name. Second, the Court will review any filings made by either party prior to December 9, 2024 and will create redacted versions reducing any reference to M.G. in the caption or body of the filing to her initials. The originals will be sealed from public view. This relief will include the three filings identified in Ms. Gilmour's motion: (1) the November 4, 2024 docket entry; (2) Plaintiff's December 6, 2024 Exhibit 1; and (3) Plaintiff's December 6, 2024 Exhibit 2.

As to the remainder of Ms. Gilmour's requests, the Court finds that it goes beyond the December 9, 2024 Order and seeks relief that is not due.

First, Ms. Gilmour relies on 33 V.S.A. § 5117 for a general proposition that the Court is under an obligation to scrub the record of any reference to M.G. Section 5117 specifically applies to juvenile proceedings and does not apply to civil proceedings. Minors are often mentioned in public court proceedings and records. Outside of juvenile proceedings, the issue of confidentiality is handled on a case-by-case basis. See, e.g., *McNaughton v. Granite City Auto Sales* 108 Vt. 130 (1936) (allowing a minor to bring an action as plaintiff to void a contract with an auto dealer). There is no rule or statute requiring the redaction of a minor's information in a civil case. In such cases, parties may proceed by stipulation or by establishing a right to a redaction. V.R.P.A.C.R. 9 (laying out the process for redacting or sealing court records). When there is not a statutory right or rule governing redaction, the Court is obligated to strike a balance between the inherent and compelling right of public access with certain types of sensitive information. V.R.P.A.C.R. 6(a) and (b).

Second, while the Court has approved the redaction of M.G.'s name, the ruling did not put the Court in the position of policing and auditing the record. While Ms. Gilmour has pointed to three documents, and the Court has found a few more, it is not incumbent on the Court to comb through the file for every stray reference to M.G.

Third, the Court is of the understanding that the particularly sensitive records filed in this case, which were filed by and large by Ms. Gilmour, are not available to the public. Ms. Gilmour's review appears to confirm this, but the Court will not audit or certify documents filed by parties. If Ms. Gilmour is aware of documents that have fallen outside of the seal, then she is welcome to bring them to the Court, and the Court will act with due diligence on the specific request.

Fourth, the Court will clarify its December 9, 2024 Order to apply primarily to the written filings submitted by the parties and not to stray references to M.G. found in various exhibits, such as the Lease. When Ms. Gilmour filed her initial motion concerning M.G.'s identity, the Motion focused on two factors.

First, there was the undue attention and potential embarrassment that might attach to a minor forced to be part of this case. This issue has largely been resolved by the Court's removal of M.G. from the case and from the redaction of her name from captions and briefs.

Second, Ms. Gilmour raised a concern that M.G.'s future eligibility for renting could be negatively affected by being a part of an eviction. Again, this concern has been largely cured by M.G.'s dismissal and removal as a party. She is no longer listed as a defendant, and once the redactions discussed above are completed, one will have to dig deep into the file before coming across her name. Neither of these reasons require M.G.'s complete erasure from any document in the record. To the extent that there is a copy of the Lease or another exhibit that references her, there is no harm. As such, there is neither legal obligation, nor compelling reasons to expended limited judicial resources to audit and redact the thousands of pages that the parties, particularly Ms. Gilmour filed in this matter, which may have a passing reference to M.G.

Additionally, the Court will further clarify the December 9th Order to direct that any filing concerning M.G.'s confidential school or health-care records shall be sealed pursuant to Rules 6 and 9. V.P.A.C.R. 6, 9. It is the Court's understanding that these records, again largely filed by Ms. Gilmour, have already been sealed as they were not admitted. This clarification extends this redact to a permanent seal. If Ms. Gilmour is aware of a record that fits into this category that is visible to the public, she is directed to inform the Court of its status, and the Court will take corrective action.

## **ORDER**

Based on the foregoing, Defendant Gilmour's Motion to Redact and Seal is **Granted in Part and Denied in Part.** The Court directs the Court staff to remove any docketing titles or notations with M.G.'s name and otherwise remove her name as a party to this matter, to the extent that this has not already occurred. The Court further directs Court staff that any filings (including briefs, pleadings, motions, or other written responses) filed prior to December 9, 2024 be reviewed and to the extent that M.G.'s name appears in the caption or body of the filing, it shall be redacted and the original sealed. All other relief sought by Defendant is **Denied.**

4

Electronically signed on 4/8/2026 7:00 PM pursuant to V.R.E.F. 9(d)

Daniel P. Richardson
Superior Court Judge