## S. S. TOWNER *v.* A. A. BLISS.

*Attachment of Property Conditionally Sold.*    *Gen. Sts. c. 33, ss. 28, 30.*

Trover by the conditional vendor of goods, against an officer who had attached them on a writ against the vendee. Plea, that vendor gave no notice of the amount of his lien, and did not allow ten days in which to pay it. Replication of actual notice of the recorded lien to defendant and creditor, and demurrer thereto. *Held,* that the demurrer admitted knowledge of all facts necessary to enable defendant and creditor to pay or tender the sum due; and that, as the vendor might bring suit within the ten days, the plea, alleging neither tender nor payment within that time, was bad.

TROVER for certain millinery. Pleas, the general issue, and a special plea in bar, that on October 11, 1876, plaintiff sold the property in question, with other property, to Abbott, reserving a lien thereon to secure payment of the purchase money, and that the lien was recorded the same day ; that on the same day Boutelle prayed out a writ of attachment against Abbott, and delivered it to defendant, a constable, to serve and return ; that defendant then attached as the property of Abbott, " the conditional purchase " of said property ; that on October 14, plaintiff brought this action, without having given Boutelle or defendant notice of the amount of purchase-money unpaid, and without having given Boutelle ten days in which to pay the same. Replication, that Boutelle and defendant had actual notice of the recorded lien, and the amount due thereon, and of the time of payment thereof, before taking and converting the goods, concluding to the country. Demurrer to the replication, for that it neither traversed nor confessed and avoided ; for that, without confessing and avoiding, it brought new matter upon the record, and concluded to the country ; and for that, if true, it was not sufficient in law. Joinder in demurrer.

At the September Term, 1877, the court, REDFIELD, J., presiding, held the replication sufficient and the plea insufficient, and rendered judgment for the plaintiff ; to which the defendant excepted.

*J. A. Wing,* for the defendant.

The statute allows the creditor ten days in which to pay the lien, and no suit can be brought by the conditional vendor until after the expiration of that time. Gen. Sts. c. 33, s. 28 ; *Fales* v. *Roberts,* 38 Vt. 503.

If the plea is good the replication is insufficient, but if the plea is bad then the replication is sufficient. Standing alone it is wholly insufficient. As to the plea, see *Kinsman* v. *Page,* 22 Vt. 628.

*L. L. Durant,* for the plaintiff.

The plea is defective. It admits the lien and record, but does not allege payment nor tender of the amount due. *Kelsey* v. *Kendall,* 48 Vt. 24.

Defendant, having notice of the lien at time of attachment, had no right to hold nor remove the property without paying or tendering its amount. And it makes no difference that the lien also covered other property. The lien attached to each article. The defendant was bound to pay the entire sum, to liberate any part of the property.

The defendant could gain the right to attach only by paying the lien or making tender. It was for him to ascertain the amount of the lien at his peril. *Fales* v. *Roberts,* 38 Vt. 503 ; *Duncan* v. *Stone,* 45 Vt. 118 ; *Hefflin* v. *Bell,* 30 Vt. 134.

The right of possession, as against creditors, was never out of plaintiff. The defendant became a trespasser *ab initio* by not paying or tendering. *Hefflin* v. *Bell, supra.*

The rights of vendor and attaching creditor are different—that of the latter rests upon statute, and must be strictly observed. *Fales* v. *Roberts, supra.*

The opinion of the court was delivered by

ROYCE, J. This is an action of trover brought to recover for certain millinery goods. Pleas, the general issue, and a special plea in bar.

The special plea admits that the goods described in the declaration, with other goods, were sold by the plaintiff to Abbott, and

that the plaintiff reserved a lien on them to secure the payment of the purchase-money, and that the contract evidencing the lien was seasonably recorded in the town clerk's office, and justifies the taking of the goods by the defendant on the 11th day of October, 1876, as constable, on a writ of attachment in favor of Boutelle against Abbott, and avers that this suit was commenced on the 14th of October, 1876, and that the plaintiff did not notify Boutelle before the commencement of this suit of the amount of the purchase-money remaining unpaid, and give him ten days in which to pay the same. The replication to this plea alleges that Boutelle and the defendant had actual notice of the recorded lien on the goods declared for, and the amount due thereon, before taking and converting them. To this replication there was a demurrer.

The demurrer admits all the facts that it was necessary for Boutelle and the defendant to be in possession of, to enable them to make a tender of the amount due. The right of a creditor to attach property in the possession of a conditional vendee is given by s. 28, c. 33, of the Gen. Sts. ; and the duty of the creditor, to make such an attachment available, is defined by said section —he must pay or tender to the vendor, his agent or attorney, the amount remaining unpaid of the purchase-money, within ten days after notice of the amount due ; and in sec. 30 of the same chapter it is provided that if the vendor shall refuse to accept such tender, and shall commence and prosecute any suit on account of such attachment, the defendant may, on the trial of such suit, and under the general issue, give such tender in evidence, in bar of such action. The vendor's right of action is not suspended by the statute for the ten days in which the attaching creditor is permitted to pay or tender the amount due, but, if he brings suit before the expiration of the ten days, he takes the risk of having his action defeated by a tender. It has always been held that an attaching creditor must comply with the requirements of the statute, to obtain any benefit from such an attachment. *Hefflin* v. *Bell*, 30 Vt. 134 ; *Fales* v. *Roberts*, 38 Vt. 503 ; *Duncan* v. *Stone*, 45 Vt. 118.

There not having been any payment nor tender in this case, there was no legal defence shown, and the judgment is affirmed.