HYDE PARK LUMBER COMPANY *v.* E. D. SHEPARDSON.

January Term, 1900.

Present : TAFT, C. J., ROWELL, TYLER, MUNSON, START and THOMPSON, JJ.

Opinion filed April 5, 1900.

*Disqualification of judge*—A judge is not disqualified from sitting in a cause, for the reason that he and one of the parties are stock-holders in the same company, when the disposition of the cause cannot in any manner affect the interests of such company or the interest of either as a stock-holder in such company.

*Title to material attaches to manufactured product*—When by the terms of a contract the title to certain logs vested in the plaintiff, butter-tubs thereafter manufactured from the logs by the other party to the contract belonged to the plaintiff.

*Ownership of property not relinquished by taking mortgage upon the same*—The plaintiff, by taking, from the manufacturers of a product which in fact belonged to the plaintiff, chattel mortgages upon the same, did not, in law, relinquish its ownership of the product. It did not lose its right of ownership by the exercise of such over-abundant caution.

*Conversion—Right to take orders gives no right of sale*—A right, on the part of the manufacturer of a product from the material of another, to take orders for the product, and to be paid for taking such orders, gives the manufacturer no right to sell the same, and a sale and delivery by him in his own right, and without the knowledge and consent of the owner, and in disregard of the rights of the owner, constitute a conversion of the property so sold and delivered.

*Findings based on evidence conclusive*—In a case tried by the court, a finding made by the trial court is conclusive if there was evidence tending to support it.

ACTION OF TROVER. Trial by court, Lamoille County, June Term, 1900, *Watson,* J., presiding. Judgment for the plaintiff on facts found. The defendant excepted.

Before the introduction of any evidence in the case, question was made as to whether Assistant Judge Morse, who sat in the case, was not disqualified on the ground stated in the opinion.

*R. W. Hurlburd* and *George M. Powers* for the plaintiff.

*Watson & Flinn* for the defendant.

Taft, C. J.    Was Judge Morse disqualified in the case at bar?

He was an owner of stock in the Morse Lumber Company and the plaintiff was a like owner. A disposition of the case before us would not in any manner affect their interests nor the interest of either party in the Morse Company. The property of the latter company could not be increased nor diminished by any result in the case before us, nor would the interest of Judge Morse be in any way affected. He could properly sit in the case.

This cause, we infer from the docket entries, is an action of trover (although the exceptions are silent on the point) for several hundred butter tubs.

The plaintiff claims the tubs by virtue of a contract with Brown & Son, who manufactured them under an agreement with the plaintiff, and also by force of two chattel mortgages executed subsequently to the contract. Brown & Son sold the tubs to the defendant and the validity of the sale depends upon the right of Brown & Son to make it.

Exhibits 1, 2, and 3 are found by the court below to constitute the contract between the plaintiff and Brown & Son, and such finding is conclusive. We cannot revise a finding of fact when there was testimony in the case tending to support it, and there clearly was in this case.

By the terms of the contract the logs in question were purchased in the name of and for the plaintiff and the title to such logs vested in the plaintiff and when manufactured, the plaintiff was to sell the manufactured product. The logs belonging to the plaintiff, the product of them, when manufactured, likewise belonged to it. By force of this contract, the tubs never became

the property of Brown & Son. They were the property of the plaintiff, and if so, they were, in law, sold as the property of the plaintiff. The fact that Brown & Son executed mortgages of the property to the plaintiff, did not, in law, release the rights that the plaintiff then had in it, by force of the contract. They would not lose their rights under the contract by the exercise of an "over-abundant caution" in taking the mortgages. Brown & Son could take orders for the property, but that made no change in the title to the lumber, nor its manufactured products. Brown & Son were paid, on certain conditions, twelve and one-half cents per thousand for such lumber as they might take orders for.

The court below found that in selling and delivering these tubs to the defendant, James Brown & Son disregarded the terms of the contract and sold and delivered them, not in compliance therewith, but wrongfully and in their own right and without the knowledge and consent of the plaintiff. This finding is conclusive against the right of the defendant. Therefore, the various questions regarding the chattel mortgages become immaterial.

Upon the finding of facts, there is no question but that there was a conversion of the property and the

*Judgment should be and is affirmed.*