ROBERT E. WILSON v. WALTER K. BARROWS.

October Term, 1922.

Present:   WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed January 15, 1923.

*Master and Servant—Workmen's Compensation Act—Findings
of Fact—Compensation for Injuries Not Based on Negli-
gence—Sufficiency of Findings Not Raised by Exception to
Judgment—When Findings Conclusive in Supreme Court—
Supreme Court Cannot Amend Exceptions.*

1. In a case under the Workmen's Compensation Act, appealed from
   the commissioner of industries to the county court, *held* that
   there was no error in the refusal of the court to grant a re-
   quested finding of fact, where the evidence on the subject-
   matter of the request was conflicting.

2. A proceeding against an employer under the Workmen's Com-
   pensation Act is not based upon the negligence of the defend-
   ant or his servants, hence a request to find that the accident was
   entirely beyond his control and that no one in his employ had
   anything to do with it, was wholly immaterial and properly
   refused.

3. An exception to a judgment as not warranted by the findings, does
   not raise the question of whether the findings are warranted
   by the evidence.

4. In a case tried by court without a jury, where the case is triable
   by jury, the Supreme Court is bound by the findings below,
   pursuant to statute (G. L. 2259), and cannot supplement them
   by scanning the transcript or exhibits, notwithstanding that
   reference is made to the transcript.

5. The Supreme Court has no power to grant leave to amend excep-
   tions, its functions being to hear and pass upon the merits of
   exceptions coming before it, and not to grant or amend them.

APPEAL from decision of commissioner of industries to the
county court.   Trial by court at the March Term, 1922, Rutland
County, *Fish*, J., presiding.   Judgment on findings of facts for

the plaintiff.   The defendant excepted.   The opinion states the
case.   *Affirmed.*

*Max L. Powell* for the defendant.

*Jones & Jones* for the plaintiff.

MILES, J.   The main question here raised is whether the
plaintiff was an employee of the defendant at the time of the in-
jury.   The case was started before the commissioner of indus-
tries, from whose award the case was appealed to the county
court, and from that court came to this Court on exceptions by
the defendant.   The case was tried by court and judgment was
rendered for the plaintiff, to which the defendant excepted.   The
other exceptions saved were to the court's failure to find as re-
quested in defendant's requests 5, 10, and 12.

[1]   Request 5 is as follows:   ''While there was no written
contract or express contract, it was understood between the
parties that the winter's cut should be hauled by the teams that
worked or as much as weather conditions permitted and it was
understood between the claimant and defendant Barrows that he
should work throughout the winter the same as the other teams
worked.''   No error appears in the refusal of this request, for
the evidence on the subject-matter of it was conflicting.   The
claimant testified that there was no agreement and nothing said
as to the length of time he was to work.

Request 10 was as follows:   ''There is no conflict in the
evidence as to any material fact.'''   The matter here requested is
contrary to the fact as is shown by what is said respecting re-
quest 5, and the denial to find as requested was not error.

[2]   Request 12 is as follows:   ''That the accident was en-
tirely beyond the control of the defendant Barrows and no one
in his employ had anything to do with the accident.''   This re-
quest was wholly immaterial.   The action is not based upon the
negligence of the defendant nor of one of his servants.   The
matter therein requested had no bearing upon any issue in the
case and was properly denied.

[3]   The only remaining question for our consideration,
is the exception to the judgment.   This is upon the ground that
it is not warranted by the findings.   But the court, ''from a

consideration of the whole evidence,'' has expressly found that the plaintiff was an employee of the defendant at the time of his injury. To this finding no exception was taken. But the defendant seeks to avail himself of the benefit of such an exception through his exception to the judgment, and he argues that there was no evidence supporting that finding. But an exception to a judgment as not warranted by the findings, does not raise the question of whether the findings are warranted by the evidence. *Walcott* v. *Mongeon,* 88 Vt. 361, 364, 92 Atl. 457.

The evidence not being before us for the purpose of testing the sufficiency of the finding upon which the judgment rests, reversible error is not made to appear.

*Judgment affirmed. To be certified to the commissioner of industries.*

### On Motion for Reargument.

After the opinion in this case was handed down, the defendant had leave to file a motion for reargument, pending which the judgment and certificate have been stayed.

[4]　Four grounds are stated why a reargument should be granted. Under the first three, the defendant claims that the exception to the judgment entitles him to challenge the sufficiency of the evidence to support the findings and judgment. In a case tried by court without a jury, where the case is triable by jury, this Court is bound by the findings below, pursuant to statute, and cannot supplement them by scanning the transcript or exhibits, notwithstanding that the transcript is referred to. G. L. 2259; *Powell* v. *Merrill,* 92 Vt. 124, 130, 103 Atl. 259.

[5]　The fourth ground, if such it may be called, is merely a request for leave to amend the exceptions. Such leave this Court has no power to grant. Its functions are to hear and pass upon the merits of exceptions coming before it, and not to grant or amend them.

The motion as a whole is without merit. It fails to state specifically in what respect the decision is erroneous.

*Motion dismissed and stay vacated. Let the certificate go down.*