GERTRUDE C. PARTRIDGE *v.* JAMES L. COLE.

November Term, 1924.

Present:   WATSON, C. J., POWERS, TAYLOR, SLACK, and BUTLER, JJ.

Opinion filed February 4, 1925.

*Findings Upheld If Any Rational View of Evidence Supports Them—Subordinate Facts Need Not Be Found—Supreme Court Cannot Supplement Findings by Evidence or Test Them by Transcript Save as Exceptions Require—Animals —Finding of Care Supported by Evidence—Effect of Finding Stating Inability to Find Injury Resulted from Defendant's Negligence—Conflict of Evidence for Trial Court —Refusal to Find as Requested Not Error Where Evidence Conflicting—Harmless Error.*

1.   On review in Supreme Court of judgment for defendant based on trial court's findings, which are challenged by the plaintiff as either contrary to or unsupported by the evidence, the burden

being on plaintiff to show error, the judgment will be upheld, if record discloses evidence which, upon any rational view, supports the essential findings.

2. The court in making findings is not bound to report all subordinate facts on which the ultimate facts are predicated, such findings in this respect standing like those of a special master.

3. Supreme Court in reviewing findings of lower court cannot supplement findings with evidence, nor test them by transcript further than exceptions require.

4. In action of tort against farm tenant for negligence in caring for live stock, finding that defendant followed directions of doctor in care of certain cow, *held* justifiable inference from evidence in case.

5. In such action, finding of trial court, stating inability to find that condition and death of certain animal was due to defendant's failure to exercise ordinary care, the burden of proof being on plaintiff, was equivalent to finding for defendant on this point.

6. In such action, finding of trial court that during his tenancy, defendant did exercise ordinary care in care and management of live stock, *held* warranted by evidence, any conflict in the evidence being for the trial court.

7. In such action, refusal of trial court to find as requested by plaintiff that live stock was in bad condition when returned to plaintiff, *held* proper, there being a conflict of evidence on that point.

8. In such action, finding of trial court that it was not through fault of defendant that cows were not fed grain, even if unwarranted by evidence, was harmless, where there was no showing that feeding of grain was essential to performance of defendant's duty in caring for stock.

ACTION OF TORT for neglect to feed and care for live stock. Plea, the general issue. Trial by court at the June Term, 1923, Orange County, *Thompson,* J., presiding. Judgment for defendant. The plaintiff excepted. The opinion states the case. *Affirmed.*

*Shields & Conant* for the plaintiff.

*Fred C. Bicknell* for the defendant.

POWERS, J.   [1]   This is the record of the retrial of *Partridge* v. *Cole*, 96 Vt. 281, 119 Atl. 398, 32 A. L. R. 854, which retrial resulted in a judgment for the defendant on facts found by the court.   The plaintiff brings the case here on exceptions which challenge the findings as being either contrary to or unsupported by the evidence.   The burden of proof was on the plaintiff, and the judgment must stand if the record discloses evidence which, upon any rational view, supports the essential findings.   *Coolidge* v. *Taylor,* 79 Vt. 528, 65 Atl. 582.

[2]   When the findings were presented to counsel in advance of filing, the plaintiff submitted 35 requests for findings, many of which relate to the omission of subordinate facts on which the ultimate facts were to be predicated.   As to these, we need only say that the court is not bound to report them.   See *In re Bugbee's Will,* 92 Vt. 175, 102 Atl. 484.   In this respect, findings by the court stand like those of a special master, which need not show all the facts on which the ultimate fact is based. *Allen's Admr.* v. *Allen's Admrs.,* 79 Vt. 173, 64 Atl. 1110; *Colvin* v. *Gray,* 95 Vt. 518, 116 Atl. 75.   So we find no occasion to examine these, except as hereinafter specified.

So far as the requests relate to essential facts, the exceptions thereunder raise the same questions as are raised by the exceptions to the findings, and need not be separately treated.

The plaintiff owned a farm in Pomfret, known as the Sunset Trail Farm.   It was stocked with cows, horses, swine, and poultry.   The defendant lived on this farm and carried it on as the plaintiff's manager until June 1, 1920, when a new arrangement was made, whereby the defendant became a tenant of the property, and as such had its entire care and management until December 1, 1920.   In October of that year, the parties became involved in litigation over the tenancy, which resulted in a settlement under which the defendant vacated the farm and surrendered the personal property on December 1.   This suit is brought to recover for damages to the personal property through the defendant's negligence in its care and keeping.

[3]   At the time the defendant took over the property as tenant, there were about 30 head of cattle on the farm, of which 9 were registered Holsteins.   There were 2 thoroughbred Berkshire brood sows and 3 pigs there.   All of this stock was then in good condition.   The plaintiff claims that the cows and swine were in bad condition when turned back to her, and that this

condition was due to the defendant's deliberate failure to give them proper and sufficient food and care. It must be admitted that the transcript discloses evidence strongly tending to show that the defendant was guilty of actionable neglect of the stock referred to; but this is not decisive of the case. We cannot supplement the findings, though the evidence is before us. *Powell* v. *Merrill,* 92 Vt. 124, 103 Atl. 259. Nor can we test them by the transcript any further than the exceptions require.

An examination of the findings in the record shows that no specific facts regarding the condition of the swine or the stock of cattle at the time of the surrender of the same by the defendant (except as hereinafter shown) are found. The tendency of the evidence is stated, but no special findings are made.

Two of the cows on the place died; the facts regarding these are shown. One of these cows was a valuable registered Holstein due to freshen about September 26. She ran in what is called the hill pasture while she was dry. The exact date on which she would be due was not known, because the plaintiff had taken away the herd book in which the record was kept. But knowing the date approximately, the defendant went to the pasture each night to look after this cow. One night he was late and could not find her. The next day she was found, and she had given birth to a calf, and was suffering from a prolapsed uterus. The defendant took her to the barn and called Dr. Pulsifer, a veterinarian, who came to the barn and gave the cow attention. The defendant kept her in the barn and cared for her until she got better, and then turned her into the mowing. In a few days, she became worse and the defendant consulted Dr. Pulsifer again, who told him what to do. Though the defendant followed these directions, the cow grew worse and died. The court expressly found that the defendant exercised ordinary care in the treatment of this cow, and that her death was not due to any neglect on his part.

[4] The plaintiff insists that the evidence does not show that the defendant followed the doctor's directions in the care of this cow, and that the finding to that effect is unsupported; and that the ultimate finding being based upon this unsupported finding, in whole or in part, is unwarranted. *Lawrie* v. *Silsby,* 82 Vt. 505, 74 Atl. 94. What the defendant testified to was that the doctor told him what to do for the cow, and that he "kept her there in the barn and fed her and cared for her;" that when

she grew worse, he went to the doctor who told him what to do, and that he "tended her," but she grew worse and died. While this is not a direct assertion that he followed the directions given him, we cannot say that the witness did not mean that. All in all, we think the court was justified in interpreting this testimony as it did.

[5]    The other cow referred to ran in the pasture until taken up for the winter. She came to the barn thin and sick. She was heavy with calf, and grew worse until she was too weak to get up alone. She finally died at some time in December after the plaintiff took back the property. Without specifying what care or attention this cow required or was given, the court says that it is unable to find that her condition and death were due to the defendant's failure to exercise ordinary care in her care and treatment. The burden of proof being on the plaintiff, this is equivalent to an out and out finding for the defendant on this point. *McCarthy* v. *Wood Lumber Co.,* 219 Mass. 566, 107 N. E. 439. Nor was the evidence so decisive in character as to compel a finding adverse to this defendant. He testified that he "babied her along," and that she got better before he left the farm. Nor was there evidence of any particular treatment that she required.

[6]    The court says in its findings that it is unable to find by the measure of proof required that the defendant intentionally failed and neglected to properly feed and care for the cattle and swine, or that he failed to take ordinary care of the same; it then goes on to say: "During his tenancy, the defendant did exercise ordinary care in the care and management of the live stock on said farm." It is not contended that more than this was required of the defendant, but it is claimed that this finding was contrary to and unsupported by the evidence. This contention cannot be sustained, for the testimony of the defendant and his wife tended to support the finding. True there was much evidence to contradict them, but the question presented was for the trial court and not for us.

Among the requests for findings were two that required brief attention: One asked for a finding that the stock was in bad condition when returned to the plaintiff; and the other asked for a finding that this bad condition was due to the lack of care and food. As we have seen they were not complied with and the plaintiff excepted. It is obvious that the last of these

is so dependent upon the first, that the latter only need be considered.

[7, 8]   The evidence regarding the condition of the stock on December 1 was conflicting.   The defendant and his wife testified to the effect that the stock was properly fed and cared for; that the young stock was in good condition, and that the cows were in good milking condition.   The former also said that the sows were in good breeding condition, the pigs in good condition, and that none of the stock, except the two cows referred to, was in poor condition.   This testimony cannot be ignored, and, though others testified to the contrary, this only presented a conflict in the evidence, which made it proper to deny the request.   *Rugg* v. *Degnan,* 96 Vt. 175, 118 Atl. 588. The evidence tended to show that the cows were sufficiently grained until about the first of November; from then until November 20, they had no grain, for the reason that the defendant could not buy it.   He had been buying his grain on credit, using the name of the Sunset Trail Farm, which was the name under which the plaintiff ran it.   Shortly before November 1, she notified the grain dealers not to charge the defendant's grain to her; and about the same time she trusteed his account at the creamery; he was thus left without credit or income. He continued to buy grain as long as his money held out, but for about three weeks the cows were without grain.   The court found that it was not through any fault of the defendant that the cows were not fed grain during this time.   It is apparent that this finding is a conclusion drawn from the facts relating to the plaintiff's conduct as just recited.   The plaintiff insists that such a conclusion is unwarranted, and that the plaintiff's acts afforded the defendant no excuse for neglecting or omitting such obligations as his relation to the property imposed upon him.   But, assuming this to be so, reversible error does not appear; for it is not shown by the findings that the feeding of grain was essential to the performance of the defendant's duty to the stock.   To assume that it was would be inconsistent with the ultimate finding that the defendant discharged that duty in full.

*Affirmed.*