CARL LABOR, b. n. f. *v.* DON CARPENTER ET AL.

January Term, 1930.

Present: POWERS, C. J., SLACK, MOULTON, and THOMPSON, JJ., and GRAHAM, Supr. J.

Opinion filed February 5, 1930.

*Porter, Witters & Longmore* for the plaintiff.

*Searles, Graves & Waterman* for the defendant.

GRAHAM, Supr. J.   The action is for the recovery of damages for personal injuries sustained through the alleged negligent explosion of dynamite in the public highway, over which the plaintiff was proceeding by automobile.

Judgment was rendered by a majority of the court for all defendants on facts found by a majority of the court. A minority finding and judgment order was also signed and filed.   It is only the findings and orders of a majority of the members of the court who participate in the trial which have any force and effect, and these alone are to be treated as the judicial action of the court.   G. L. 1601; *Leonard* v. *Willcox et al.*, 101 Vt. 195, 208, 142 Atl. 762; *Saund* v. *Saund,* 100 Vt. 176, 178, 136 Atl. 22; *Thorworth* v. *Blanchard,* 87 Vt. 38, 42, 87 Atl. 52, Ann. Cas. 1916A, 1226; *Dwire* v. *Dwire,* 86 Vt. 474, 86 Atl. 164; *State* v. *Bradley,* 67 Vt. 465, 475, 476, 32 Atl. 238. No claim is made otherwise in the briefs, but we deem it expedient to make this reference in order to clear the record of any possible uncertainty.

This case and the case of George Sheltra against these same defendants were by the trial court consolidated, tried together, and decided on a joint findings of fact.   This accounts for the use of plurals when referring to the plaintiff in the herein quoted portions of the findings.

The case comes here on plaintiff's exceptions.   The findings and the reporters transcript of the evidence are made a part of the exceptions.   The exceptions briefed are to certain of the

findings, to the failure of the court to find as requested, and to the judgment.

From the findings not excepted to it appears that defendant Carpenter was the foreman in charge of the widening and improving of an unselected highway leading from Barton to East Albany by virtue of an appointment made by the State highway department, and thereon was expending money which had been apportioned to the town of Barton to assist in the maintenance and improvement of its unselected highways. The accident took place on October 3, 1927, at about four o'clock in the afternoon.

The defendant Carpenter in prosecuting the work employed defendant Kilgarlen to do certain blasting, and furnished him with the necessary dynamite. He also employed defendant Conley to remove rocks and other obstructions from the highway. One Bullock was employed by Conley to drive one of his teams engaged in the work. Carpenter, as foreman of the job and by virtue of his appointment, had directed the extent of the improvement of the highway and the nature of the work to be done, including the giving of directions as to the use of dynamite. On the afternoon of the accident Carpenter was not present. Only defendants Kilgarlen and Conley were present and engaged in the work.

In order to remove some of the obstructions on the easterly side of the road two sticks of dynamite had been placed by Kilgarlen, and in order to warn the traveling public Kilgarlen sent Bullock up the road in the direction of East Albany, and from which direction the plaintiff was coming, and instructed him to warn the traveling public of the danger. Kilgarlen and Conley went in the opposite direction to warn travelers.

One charge of dynamite was set off by Conley and the other was set off by Kilgarlen. The charge set off by Conley exploded just as the automobile in which the plaintiff was riding was abreast of the place where the dynamite had been planted, causing the injuries complained of.

No signs indicating that road construction was going on or that dynamite was being used were placed along the highway, but the plaintiff knew that road construction was going on at the place of accident for he went over the road earlier the same day and saw some of the defendants there working. When Bullock went up the road, as directed by Kilgarlen, he had

with him Conley's team, and was walking behind the horses, and when the plaintiff appeared, he turned his horses to the right side of the road and the plaintiff drove up beside him.

After stating the plaintiff's claim that Bullock gave him no warning, and that he drove past Bullock without any knowledge that he was endangering himself, the court makes this specific finding: "We find (further) that said Bullock did give warning to the plaintiffs, that they did not heed the warning which he gave but drove on to the point where the dynamite exploded." This finding is excepted to on the ground that it is not supported by the evidence.

The finding must stand if the record discloses evidence, which, upon any rational view, supports it. *Partridge* v. *Cole,* 98 Vt. 373, 127 Atl. 653; *Greenough, Jr.* v. *United States Life Ins. Co.,* 96 Vt. 47, 117 Atl. 332; *Coolidge* v. *Taylor,* 79 Vt. 528, 65 Atl. 582.

The evidence tends to show that as the plaintiff's automobile met Bullock about fifty rods from the place of the explosion and going at a slow rate of speed, about ten to fifteen miles per hour, Bullock raised his left hand, swung his arm, and hollered, "Hold on," or "Hold on, boys," at the top of his voice from six to twenty times, and was heard by a somewhat deaf person some twenty rods away from him. It also appeared that the first explosion occurred just before the automobile went past Bullock, and this was plainly heard by him.

We think there is ample evidence to support the finding.

The requests covered by the exceptions taken to the failure of the court to make findings, although stated in variant form, may for substance be grouped as follows:

1. That no warning was given that dynamite was about to be exploded, or that there was any danger in traveling over the road; that Bullock was negligent in failing to inform plaintiff of the impending danger; and that the plaintiff was free from contributory negligence through failure to stop.

2. That the defendants were engaged together in an effort to widen and improve the road; that Bullock was the agent and representative of the defendants in undertaking to warn the public that dynamite was about to be exploded; that the negligence of Bullock was the negligence of all three defendants; that Bullock was the agent of Kilgarlen for the purpose of giving warning to the public of the danger; and that the negli-

gence of Bullock was, in any event, the negligence of Kilgarlen.

It is apparent from the record before us that the case was determined below on the questions raised by the first group of requests. This brings us first to consider whether the findings as made are sufficient to support the judgment. It is manifest that the ultimate questions of fact on this phase of the case are whether the warning which was given by Bullock was adequate and sufficient, and whether the plaintiff was free from contributory negligence in disregarding the warning and going forward into a position of danger. The trial court might have, and probably should have, made a specific finding as to these main facts, but from the facts found and in support of the judgment, there is a reasonable inference of a finding opposed to the requests. Such an inference makes unnecessary, as a matter of law, an express finding. *Hale, Cabot and Buck* v. *Windsor Sav. Bk. et al.*, 90 Vt. 487, 495, 98 Atl. 993; *Hobart's Admr.* v. *Vail*, 80 Vt. 152, 66 Atl. 820.

The rule is that this Court will presume in favor of the judgment that the court below inferred such facts from those certified up as it ought to have inferred, or as it fairly might have inferred. *Roberts et al.* v. *Hughes Co. et al.*, 86 Vt. 76, 108, 83 Atl. 807; *Farmers' Exchange* v. *Lowney Co.*, 95 Vt. 445, 449, 450, 115 Atl. 507; *Chamberlain* v. *Whitney*, 65 Vt. 488, 490, 27 Atl. 72.

The presumption that such an inference was here drawn is strengthened in favor of the judgment, in view of the burden of proof being on the plaintiff. *Partridge* v. *Cole*, 98 Vt. 373, 127 Atl. 653.

We hold that the questions raised fall clearly within this rule, and these exceptions are not sustained.

The requests under the second group of exceptions to the failure of the court to find relate solely to conclusions, mostly legal, claimed from the full and specific facts found as to the relationship of the defendants to each other, to Bullock, and to the work being done.

It is unnecessary to incorporate such conclusions in the findings. *Hartford* v. *School District*, 69 Vt. 147, 37 Atl. 252. The defendants in their brief claim from the facts found that they were engaged in work which was strictly governmental, and that while so engaged, they were each agents or servants of the government, and would not, as a matter of law,

be liable for the negligence of Bullock, if any, in the prosecution of public work on this highway, even though he was employed or directed by them to perform duties in connection therewith.

In view of our holding on the other phase of the case, it is unnecessary that we decide this question or further consider the second group of exceptions.

*Judgment affirmed.*