W. S. HANDY ET AL *v.* ERNEST TRUDELL AND TRUSTEE.

October Term, 1931.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and GRAHAM, JJ.

Opinion filed November 4, 1931.

*W. C. Lindsay* for the defendant.

*Pierce & Miles* for the plaintiff.

THOMPSON, J. This is an action of contract to recover rent. There was a trial by court, and a finding of facts was filed. Judgment was rendered for the plaintiff against both the defendant and the trustee. It is stated in the bill of exceptions: "The defendant excepts to the judgment against the trustee and to the finding of facts in the case, because he says the findings are clearly against the weight of evidence. * * * * The exceptions of defendant, as stated herein, are allowed, and the case is passed to the Supreme Court."

The principal fact in issue in the trial below was whether the plaintiffs rented the apartment in question to the defendant and his brother. The substance of the finding of facts, which is brief, is that the plaintiffs rented the apartment to the defendant and his brother; that they both agreed to pay the rent; that they and their mother occupied the apartment until the latter part of March, 1931; that when they moved out of the apartment "there was owing the plaintiffs $94 of unpaid rent"; and the court finds the defendant liable for that amount.

While the evidence is conflicting, there is direct and positive testimony of plaintiff W. S. Handy which fairly and reasonably tends to support the findings. This is conceded by the defendant in his brief. For this reason, the findings must stand. *Trask* v. *Walker's Estate,* 100 Vt. 51, 55, 134 Atl. 853; *Labor* v. *Carpenter,* 102 Vt. 418, 421, 148 Atl. 867; *Partridge* v. *Cole,* 98 Vt. 373, 127 Atl. 653; *Reed* v. *Hendee,* 100 Vt. 351, 354, 137 Atl. 329. The fact that this Court might have reached

a different conclusion from the evidence is not the test. *Platt, Admx.* v. *Shields & Conant,* 96 Vt. 257, 271, 119 Atl. 520.

■ ■ The defendant argues that at the time the apartment was rented he was an infant, and so he is not liable for the unpaid rent. As it does not appear in the bill that an exception was taken to the findings or to the judgment on this ground, this question is not before us for consideration. Besides, there is nothing in the findings relating to the subject-matter of this question; and in passing upon questions in a case triable by jury, we are restricted by statute to the facts found and filed in the court below, and we cannot supplement them by scanning the transcript. G. L. 2259, 1647. *Singer Mfg. Co.* v. *Nash,* 70 Vt. 434, 41 Atl. 429; *Powell* v. *Merrill,* 92 Vt. 124, 130, 103 Atl. 259; *Wilson* v. *Barrows,* 96 Vt. 344, 346, 119 Atl. 422; *Grapes* v. *Rocque,* 96 Vt. 286, 290, 119 Atl. 420; *Hooper, Trustee* v. *Kennedy,* 100 Vt. 376, 378, 138 Atl. 778.

The defendant says in his brief, as to the judgment against the trustee: "Let the same law govern generally and specifically as quoted in support of the brief on the exceptions to the finding of facts herein above recited." For the reasons hereinbefore stated, this exception is without merit.

*Judgment affirmed.*