A. A. REED *v.* A. HUGH WITHAM.

May Term, 1935.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and SHERBURNE, JJ.

Opinion filed October 1, 1935.

*Philip A. Angell* for the defendant.

*Wilson & Keyser* for the plaintiff.

SHERBURNE, J.   This is an action to recover for the conversion of three cows.   Trial was by court and judgment was rendered in favor of the plaintiff.   It appears from the court's findings of fact, that in 1929, the plaintiff sold three heifers to two persons named Whittier and Purrington and took a conditional sales note to secure the purchase price and had it duly recorded.   In 1933, the defendant as constable advertised these heifers and other personal property for sale to satisfy an execution·which he held against Whittier, and called upon the plaintiff to furnish a statement under oath, showing the amount he claimed due on his conditional sales note.   This was duly furnished.   Later the·defendant sold the property to satisfy the execution.   Before the sale the plaintiff asked the defendant to waive his levy, but he refused.   Just previous to selling the heifers the defendant sold a tractor, and then stated that he would sell the interest of Whittier in all the remaining property advertised for sale, and then sold all the property, including the heifers, at one time, and said nothing about the plaintiff's lien on the heifers.   The three heifers had then become cows

and were worth $120.00 which was considerably less than the balance due and unpaid on the lien note.

■ ■ The first question presented is lack of jurisdiction in the county court on the ground that the matter involved is less than $200.00. This question was not raised below, but by reference to the evidence, the defendant now attempts to show that the amount due on the lien note was less than $200.00 and that the plaintiff had no belief that he could recover more than the amount due. The trouble with this contention is that there is nothing in the findings relative to this; and in passing upon questions in a case triable by jury, we are restricted by statute to the facts found and filed in the court below, and we cannot supplement them by scanning the transcript. *Handy* v. *Trudell*, 104 Vt. 85, 87, 156 Atl. 902; *Hooper, Trustee* v. *Kennedy*, 100 Vt. 376, 378, 138 Atl. 778; *Grapes* v. *Rocque*, 96 Vt. 286, 290, 119 Atl. 420; *Wilson* v. *Barrows*, 96 Vt. 344, 346, 119 Atl. 422; *Powell* v. *Merrill*, 92 Vt. 124, 130, 103 Atl. 259; *Singer Mfg. Co.* v. *Nash*, 70 Vt. 434, 41 Atl. 429.

■ Plaintiff's declaration sets out the value of the cows as $210.00, and the *ad damnum* was placed at a like sum. There is no finding that the plaintiff did not act in good faith in bringing his suit as he did. Consequently lack of jurisdiction is not shown. *Barnard* v. *Leonard*, 91 Vt. 369, 100 Atl. 876; *Mellen* v. *United States Health & Acc. Ins. Co.*, 83 Vt. 242, 249, 75 Atl. 273; *Bickford* v. *Traveler's Ins. Co.*, 67 Vt. 418, 426, 32 Atl. 230; *Drown* v. *Forrest*, 63 Vt. 557, 560, 22 Atl. 612, 14 L. R. A. 80; *Worcester* v. *Lampson*, 55 Vt. 350.

■ ■ The defendant contends that he complied with the statute (Chapter 78 of the Public Laws) in selling these cows, and particularly calls our attention to P. L. 1863, which reads: "When the mortgagee, pledgee, or holder of a lien, duly renders such account, the attaching creditor may, whether or not the debt is due, cause the property to be sold subject to the mortgage, pledge or lien, without first paying or tendering the amount due on the debt secured thereby." As before we are confined to the court's findings as to what actually happened. Before the enactment of the statutes upon which the provisions of Chapter 78 of the Public Laws are based, the delivery of property under such a contract of conditional sale as appears in this case, was a mere bailment, and carried no attachable interest in the property to the bailee. *Duncan* v. *Stone*, 45 Vt.

118, 122, and cases cited. A resort to a sale subject to plaintiff's lien was warranted only by specific statutory law, and in order to be justified must be shown to have been conformable to the provisions of such law. *Bean* v. *Colton,* 99 Vt. 45, 49, 130 Atl. 580; *Towner* v. *Bliss,* 51 Vt. 59, 61.

■■ The cows were not sold separately but were lumped off with other personal property. They were not sold subject to plaintiff's lien, but the interest of Whittier was sold. The findings do not show what this interest was. The cows were originally sold to Whittier and Purrington, and for aught that appears they were still jointly interested in them. Under the statute there was no attachable interest in the cows as they were worth less than the amount due on the lien note. *Humphrey* v. *Wheeler,* 92 Vt. 47, 49, 101 Atl. 1018. Under the rule that this Court will presume in favor of the judgment that the court below inferred such facts from those certified up as it ought to have inferred, or it fairly might have inferred, *University of Vermont* v. *Wilbur's Estate,* 105 Vt. 147, 174, 163 Atl. 572; *Labor* v. *Carpenter,* 102 Vt. 418, 422, 148 Atl. 867, we hold that the defendant sold the cows without regarding plaintiff's lien, and that he is liable in this case.

■ For the purpose of showing what transpired at the sale, the defendant offered a certified copy of the execution and officer's return from the Bethel town clerk's office. This was properly excluded. The execution issued from Windsor county court. As there was no occasion to file a return of the officer's doings at the sale in the town clerk's office, the only one who could issue a certified copy was the clerk of Windsor county court, to whose office the execution was returned. Had a proper copy been produced it would have been admissible as *prima facie* evidence in favor of the defendant, but as the officer who made the return was a party, his return would not have been conclusive. *McKinstry* v. *Collins & Lovell,* 76 Vt. 221, 232, 56 Atl. 985; *Barrett* v. *Copeland,* 18 Vt. 67, 44 Am. Dec. 362.

■ At the conclusion of the evidence the defendant moved for a directed verdict upon certain grounds. It was not error to deny this motion, because it was inopportune. The case was one triable by jury and, therefore, is controlled by P. L. 2069, which provides that when such a case is tried by court the facts found by the court upon which judgment is rendered shall be reduced to writing, be signed by a majority of the court, and

be filed with the clerk; and that other or different facts at issue in a cause so tried, except such as relate to the admission or rejection of evidence, shall not be allowed in the bill of exceptions. *Roberge* v. *Town of Troy*, 105 Vt. 134, 136, 163 Atl. 770, and cases cited.

There was no error in the court below.

*Judgment affirmed.*