HAROLD M. LEVIN *v*. BEATRICE BABEUX ROUILLE.

October Term, 1938.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed November 1, 1938.

*Harold J. Arthur* for the defendant.

*Charles F. Black, J. Boone Wilson* and *Willsie E. Brisbin* for the plaintiff.

BUTTLES, J.   This action in general assumpsit was brought to recover for professional services as a physician rendered by

the plaintiff to the defendant in treating her for injuries received through an accident at her then place of employment. The defendant answered setting up as defenses general denial and infancy. Trial was had by Chittenden municipal court without a jury on May 5, 1937. Thereafter findings by the court were filed and judgment was rendered for the plaintiff to recover the sum of $85.56 and costs. The case comes to this court on defendant's bill of exceptions.

Defendant has undertaken to brief claimed exceptions to three of the findings of fact so made by the court on the ground that they are not "supported by a preponderance of the evidence." The record does not disclose that any exceptions were taken by or allowed to the defendant to the findings made by the court. Exceptions were allowed her to the court's refusal to find as requested by the defendant in seventeen requests to find, but these exceptions cannot be treated as substitutes for exceptions to the findings as made. In *Morgan* v. *Gould*, 96 Vt. 275, 280, 119 Atl. 517, 519, this court said: "But this is attempting to use an exception to the findings as an exception to the failure to find, which cannot be done. It is like an exception to a charge as given, which is not available to raise the question of error in a failure to charge. *Lynds* v. *Town of Plymouth*, 73 Vt. 216, 50 Atl. 1083; *Lang* v. *Clark*, 85 Vt. 222, 81 Atl. 625. And, conversely, an exception to the refusal to charge will not reach an error in the charge as given. *De Nottbeck* v. *Chapman*, 93 Vt. 378, 108 Atl. 338." See, also, *Lariviere* v. *Larocque*, 104 Vt. 192, 195, 157 Atl. 826.

Even if the attempted exceptions to these three findings were before us for consideration it would avail the defendant nothing, because the findings must stand if there is legitimate evidence fairly and reasonably tending to support them, and each of these findings appears to be so supported. *White River Chair Co.* v. *Conn. River Power Co.*, 105 Vt. 24, 35, 162 Atl. 859; *Handy et al.* v. *Trudell*, 104 Vt. 85, 86, 156 Atl. 902; *Trask et al.* v. *Walker's Estate*, 100 Vt. 51, 55, 134 Atl. 853; *Hyde Park Lumber Co.* v. *Shepardson*, 72 Vt. 188, 47 Atl. 826.

Seventeen requests for additional findings were made by the defendant. The requests were all refused and in its order refusing to comply therewith the court granted the defendant a general exception. The defendant has briefed, inadequately, the

failure of the court to comply with four of these requests. All of the requests included in the brief involved controverted questions of fact, or conclusions therefrom, and were inconsistent with the findings already made by the court to which, as above stated, the defendant took no exceptions. It is not made to appear that any of the findings made were not supported by legitimate evidence. Defendant's fourth request is open to another criticism. She refers, in support thereof, to transcript pages 39 and 40. Plaintiff there testified that he assumed all the time that she was living with her father and that was her home and that she was of age. Obviously this falls short of saying that he assumed that she was being "cared for and supported by her father," which is the language of the request as stated in the brief, or that she was being "cared for and supplied by her father," as the request reads in the printed case.

Defendant's brief contains in prominent type the statement: "There was Error in the Court Refusing to Dismiss the Complaint." There is no discussion or argument of this proposition unless the discussion immediately following of alleged errors of the court in its findings and in its refusal to find as requested is supposed to be relevant also to the denial of defendant's motion to dismiss. The defendant's motion, which we may regard as a motion for judgment, was made at the close of the plaintiff's case and was renewed at the conclusion of all the evidence. It was then still premature. In *Reed* v. *Witham*, 107 Vt. 482, at page 486, 181 Atl. 129, at page 130, this Court said:

> "At the conclusion of the evidence the defendant moved for a directed verdict upon certain grounds. It was not error to deny this motion because it was inopportune. The case was one triable by jury and, therefore, is controlled by P. L. 2069, which provides that when such a case is tried by court the facts found by the court upon which judgment is rendered shall be reduced to writing, be signed by the majority of the court, and be filed with the clerk; and that other or different facts at issue in a cause so tried, except such as relate to the admission or rejection of evidence, shall not be allowed in the bill of exceptions."

130

See, also, *Roberge* v. *Town of Troy,* 105 Vt. 134, 136, 163 Atl. 770; *Conn Boston Co.* v. *Griswold,* 104 Vt. 89, 99, 157 Atl. 57; *Raithel* v. *Hall,* 99 Vt. 65, 69, 130 Atl. 749. The fact that trial was had in municipal court instead of in county court does not alter the situation, since the requirement for making and filing findings is the same in both courts. *Falzarano* v. *Demasso,* 98 Vt. 209, 214, 126 Atl. 394.

██ The defendant excepted to the judgment as rendered. On exception to the judgment in an action tried by court the only question before the Supreme Court is whether the judgment is warranted by the facts found. *McNaughton* v. *Granite City Auto Sales, Inc.,* 108 Vt. 130, 132, 183 Atl. 340; *Greenwood* v. *Lamson,* 106 Vt. 37, 41, 168 Atl. 915; *Royal Bank of Canada* v. *Girard,* 100 Vt. 117, 119, 135 Atl. 497. The defendant does not undertake to demonstrate that the findings made were not sufficient for that purpose and an examination of the findings made discloses that they do warrant the judgment rendered.

██ The defendant complains that only thirty dollars was paid to the plaintiff by the insurance company which covered the workmen's compensation risk of the defendant's employer, and since the injury for which she was treated by the plaintiff was caused by accident arising out of and in the course of her employment an additional twenty dollars should have been so paid. This claim is not before this Court in this action, but if it were before us the claim would seem to have no merit. It appears that after she attained her majority the defendant herein brought suit against her employer for damages because of this same accidental injury, claiming that because of her nonage she was not legally employed at the time of the accident. P. L. sec. 6509, which is included in the workmen's compensation law, provides that "The rights and remedies granted by the provisions of this chapter to an employee on account of a personal injury for which he is entitled to compensation under this chapter shall exclude all other rights and remedies of such employee, his personal representatives, dependents or next of kin, at common law or otherwise on account of such injury." By the great weight of authority the provisions of the workmen's compensation acts are inapplicable in cases where personal injuries have been suffered by a minor whose employment was unlawful. *Wlock* v. *Fort Dummer Mills,* 98 Vt. 449, 458, 129

Atl. 311. It would therefore seem that by bringing the suit above referred to against her employer the defendant repudiated the settlement which had been made with her under the workmen's compensation law and waived all claim to benefits under that act.

*Judgment affirmed.*