FLOYD T. JAQUITH AND CHERRY JAQUITH *v.* HERBERT O. SMITH AND NELSON M. SMITH.

January Term, 1941.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed February 3, 1942.

*Gibson & Gibson (A. Luke J. Crispe* on brief) for defendants.

*Ernest E. Moore, Osmer C. Fitts* and *John A. Swainbank* for plaintiffs.

STURTEVANT, J.   This is an action of contract in which the plaintiffs seek to recover from the defendants the balance claimed to be due upon the purchase price of certain timber.   Trial was by court, findings of fact were made, judgment was entered for the plaintiffs and the case is here upon the defendants' exceptions.

The questions raised require a consideration of the findings of fact made by the court which are as follows:

> 1. The defendants are brothers and the sons of Nelson B. Smith, all of Londonderry, Vermont, who on December 7, 1937, filed a partnership registration with the Commissioner of Taxes, and from then on have done a lumbering business at South Londonderry, Vermont, under the name of Smith Lumber Company.

> 2. The plaintiffs are husband and wife of Weston, Vermont, who in the Spring of 1938 talked with Nelson B. Smith and Herbert O. Smith of the Smith Lumber Company regarding the sale of certain timber which the plaintiffs then owned.

> 3. As a result of their talks Nelson B. Smith and Herbert O. Smith went over the plaintiffs' timber to some extent and later had their lumber operator, one Fleury, cruise the timber to some extent.

> 4. On or about August 9, 1937, the plaintiffs and Nelson B. Smith made and executed the following contract regarding the timber.   (The date of this contract as originally stated in finding No. 4 was June 10, 1938, but has been changed as above stated by stipulation of the parties filed January 19, 1942.)

The findings then set out the contract in question, the material parts of which show the following facts. The plaintiffs sold to N. B. Smith the standing timber on lots described in the contract for the sum of $3500., and the buyer was given until June 10, 1938, to cut and remove the timber. The contract is dated August 9, 1937, and is signed by the plaintiffs and N. B. Smith.

5. Soon thereafter the Defendants' operator Fleury began cutting the timber and the Smith Lumber Company began making payments for the timber to the plaintiffs.

6. The Smith Lumber Company did not receive as many feet of logs as they claim the plaintiffs represented the two timber lots to contain, and so stopped paying the plaintiffs when they had paid them $2,549.43.

7. The plaintiffs then brought suit against Nelson B. Smith in Windsor County Court, for the balance of the contract price, recovered judgment against Nelson B. Smith and took out execution, which was returned unsatisfied on November 1, 1939, in the sum of $1,055.57.

8. Nelson B. Smith then sued the present plaintiffs for fraud in Windham County Court. The case was tried at the September, 1939, term, with a verdict and judgment for the then defendants.

9. During the course of that trial the present plaintiffs learned from the testimony of Nelson B. Smith that at the time Nelson B. Smith entered into the contract Plaintiff's Exhibit 1 with the Plaintiffs, the standing timber was bought for the Smith Lumber Company, and if they made anything out of it it was to be divided among the three partners of the Smith Lumber Company.

10. The present suit is brought by the plaintiffs against Herbert O. Smith and Nelson M. Smith, because they are partners of the Smith Lumber Company.

11. All of the logs cut on the lots in question were cut for and at the direction of the Smith Lumber Company, and the cutting was paid for by that Company; and all of the payments for the timber made to the plaintiffs were made by the Smith Lumber Company and with the partnership funds. The plaintiff's account was kept in the regular ledger book of the Smith Lumber Company, and the account of the men who cut the timber for the Smith Lumber Company was kept in the same regular ledger of the Smith Lumber Company.

12. The contract (Plaintiffs' Exhibit 1) was made by Nelson B. Smith for the Smith Lumber Company. The purchase of the timber mentioned therein was within the scope of his authority as a partner of the Smith Lumber Company, and was made for the benefit of the Smith Lumber Company, and the Smith Lumber Company in fact received the benefit of the same. The Smith Lumber Company adopted the contract (Plaintiffs' Exhibit 1) as the contract of the partnership and recognized the debt incurred therein as the debt of the partnership. The books of the partnership, the Smith Lumber Company, were kept by the defendant Herbert O. Smith, and he not only looked over the timber before it was purchased, once with his father Nelson B. Smith, and a second time with his father and Fleury, but talked the matter over with his father after they had looked the timber over, and testified in the Windham County case that after they had seen the timber that they thought it over and bought it.

13. We therefore find the defendants liable for the balance owing on the contract of $1,055.57 with interest from November 1, 1937.

The defendants have briefed the questions raised by them under four headings and we take these up in the order briefed.

358

## 1.

It is first claimed that on the facts as found judgment should have been for the defendants.

In support of this contention the defendants point out that from the findings it appears that the Smith Lumber Co. had been registered since December 7, 1937, Herbert O. Smith, a defendant in the case at bar, cruised the property and talked with the plaintiffs, the Smith Lumber Co. did the operations under the contract and made payments for this lumber, the plaintiffs relied upon Nelson B. Smith's individual credit, have sued him as an individual and they also defended an action brought in his name on a matter growing out of this contract.

It is contended that from these facts it appears that the plaintiffs have made their election to hold Nelson B. Smith alone liable for the purchase price of this timber.

From finding No. 1 it appears that the partnership certificate was filed December 7, 1937, and that from then on the partners have conducted a partnership business. The date of filing this certificate was several months after the contract here in question was made. The court from the evidence might have and probably should have made a specific finding that this partnership was in existence at all times material here. It appears from the certificate introduced in evidence that these defendants and their father began doing business as partners under the name "Smith Lumber Co." at South Londonderry, Vermont, January 1, 1936, and that the business carried on by the partnership is the manufacturing of rough lumber. A certified copy of a chattel mortgage executed by this partnership in July, 1937, was also introduced in evidence without objection for the purpose of showing that these defendants and their father, Nelson B. Smith, were doing business as a partnership under the name of Smith Lumber Co. at that time. From the facts found and especially Nos. 11 and 12 it reasonably appears that the court found that this partnership was in existence and doing business at the time the contract here in question was made and was continued during all times here material. Therefore, in support of the judgment, we infer that the court so found. *Labor, b.n.f.* v. *Carpenter et al.*, 102 Vt. 418, 422, 148 Atl. 867; *Town of Fair Haven* v. *Stannard*, 111 Vt. 49, 53, 10 Atl. 2d. 214.

■ The filing of this certificate with the Commissioner of Taxes several months after the contract in question was made but several months before the plaintiffs brought their suit against Nelson B. Smith did not give the plaintiffs notice, either actual or constructive, of the existence of this partnership. 46 C. J., p. 550, para. 46 G; 20 R. C. L. 354, sec. 17; *Burch* v. *Taylor*, 152 U. S. 634, 654, 14 Sup. Ct. 696, 38 L. Ed. 578. Here the court has found that these plaintiffs had no knowledge of this matter until the case of *Nelson B. Smith* v. *Floyd Jaquith and wife,* the plaintiffs in the case at bar, was being tried in Windham County Court. This was sometime after they had obtained their judgment in the suit brought against Nelson B. Smith alone. While from the findings it can be reasonably argued that the plaintiffs should have known that the contract was being carried out and the lumber cut and paid for by the Smith Lumber Co., there is nothing in the findings tending to show that the plaintiffs when they brought their first suit on the contract should have then known that this company was a partnership composed of the defendants in the case at bar and their father.

■ It follows that when these plaintiffs sued Nelson B. Smith on the contract they made no actual election. At that time they believed Nelson B. Smith alone was liable for the purchase price of the timber under the contract. The case of *Holmes* v. *Burton et al.,* 9 Vt. 252, 31 Am. Dec. 621, cited by the defendants, is not in point here. In that case it was found that the buying of a certain horse by a single partner and paying for same by giving his personal note was not within the scope of the partnership business. This distinguishes that case from the one at bar.

■ The defendants further contend that even though it is found that the plaintiffs made no actual election in bringing their suit against Nelson B. Smith, they can not maintain this present action because the liability of the defendants as partners has been merged in the judgment obtained against their father, the other partner. P. L. 1631 is as follows:

> Sec. 1631. *Unsatisfied judgment not bar to further action.* The recovery of judgment against one or more of several obligors or promisors, on a joint,

> or joint and several contract, without satisfaction, shall not discharge the other obligors or promisors from their liability on such contract.

That this statute defeats this contention of the defendants under the circumstances of this case is too plain to need further comment.

While the defendants have cited several Vermont cases in support of their contention here, most of them do not hold in accordance with the defendants' claim and none of them are *contra* to our holding above made.

## 2.

The plaintiffs offered certain evidence during the course of the trial and in making such offer used the following language.

> In connection with the evidence heretofore received, we at this time offer so much of the certified transcript of the proceedings in the matter of *N. B. Smith* v. *Floyd Jaquith et al.*, docket No. 5947, Windham County Court, September Term 1939, wherein one of the partners of the Smith Lumber Company, namely, N. B. Smith, admits and confesses that the contract here in issue (Plaintiffs' Exhibit 1) was a contract made for and on behalf of the partnership, of which he was a member; also for the purpose of introducing statements, admissions and confessions of the party defendant here, H. O. Smith, to the same effect. * * *
>
> The statements involved are as indicated, that the contract was made for the mill run by the partnership; that the various partners were to participate in the profits; it also admits that the bank account carried in the name of Lena Smith, who at the time was Lena Slade, was a partnership bank account; and various other admissions and confessions to account for the making of the contract for and on behalf of this partnership. * * *
>
> I don't offer the whole transcript. We offer those parts which contain admissions, confessions

or statements of any of the partners of the Smith Lumber Company as to this transaction being a partnership transaction. We are prepared to read at length these excerpts which are specifically relied upon or we will furnish the court with a list of the matters by way of quotation from the transcript.

At this point the court directed plaintiffs' counsel to furnish the list for the court's convenience and this list was handed to the court.

The offered evidence was received and the defendants have briefed four exceptions saved to this action of the court.

It is first contended that a statement in order to be admissible must be offered in its entirety and that the plaintiffs' offer as made was an offer to put in parts of the transcript of the trial of *Nelson B. Smith* v. *Floyd Jaquith et al.*, which were favorable to them and to omit other portions of the transcript.

From the language used by plaintiffs' counsel in making the offer, it appears that this contention can not be sustained. The language of the offer clearly indicates that all of the statements which the plaintiffs claim are admissions or confessions of members of the partnership were intended to be and were in fact offered.

As to the defendants' contention that the offer was too general, this also is without merit. Plaintiffs' counsel offered to read into the record those parts of the transcript which he claimed were admissible and stated that he had a list of such portions of the transcript which he had drawn off, setting out the offered evidence in full and would be glad to hand it to the court, and at the direction of the court he did so. It is difficult to see how the plaintiffs' counsel could have any more specifically informed the court as to the nature and substance of the evidence included in his offer.

The defendants also contend that it was error to receive this evidence because the existence of a partnership can not be proven by the declaration of a partner. Again reference to that part of the offer above quoted shows that the evidence was not offered for such purpose.

When this offer was made there had already been introduced as evidence in the case the partnership certificate hereinbefore referred to, a certified copy of a chattel mortgage executed by the partnership in July of 1937, two letters written by the Smith Lumber Ço. to the plaintiffs concerning the matter of payment for the lumber by the Smith Lumber Co. and the plaintiff, Floyd Jaquith, had also testified to receiving statements from the Smith Lumber Co. setting forth the amount of lumber taken from the lot which statements were accompanied by checks making payment for such timber. These checks were signed by Lena Smith and under her signature on all of the checks excepting one appear the initials of one of the defendants.

It therefore appears that proper foundation had been laid for the reception of the offered evidence before the offer was made and it was properly received. *Rutland Railway Light & Power Co.* v. *Williams et al.*, 90 Vt. 276, 283; 98 Atl. 85; *Hubbard* v. *Moore*, 67 Vt. 532, 539, 32 Atl. 465; 20 R. C. L., p. 923, Sec. 137.

### 3.

The defendants contend that findings Nos. 5, 6, 9, 11 and 12 are supported only by evidence contained in that part of the transcript in the case of *Nelson B. Smith* v. *Floyd Jaquith et al.* which was offered and received over their objections and exceptions, and that since such evidence was inadmissible, these findings are left without supporting evidence. However, we have found that this supporting evidence was properly received. Therefore, there is no merit in this contention.

The defendants requested the court to make certain findings which were refused. They state in their brief that had the whole transcript of the case of *Nelson B. Smith* v. *Floyd Jaquith and wife* been received, these findings as requested would have been supported by evidence in the case. The record shows that all of this transcript which was offered was received in evidence in the trial of the case at bar. If the defendants claim that other portions of this transcript were admissible on any issue in the case and they wished to have them in evidence, such portions should have been offered. It appears from the defendants' brief that the evidence which they contend would support their requested findings is not in the record and was not

offered at the trial. It therefore follows that such requested findings were properly refused.

### 4.

Under No. 4 in their brief the defendants contend that No. 13 of the findings was not supported by the other findings made. This finding is simply a conclusion of law based upon the preceding ones and this question is disposed of by what we have hereinbefore stated. *Travelers' Insurance Company* v. *Gebo et al.*, 106 Vt. 155, 164, 170 Atl. 917.

We have considered all of the exceptions briefed by the defendants and the result is

*Judgment affirmed.*